29 99
97 371
29 99
37a 429

MARSH, Respondent, v. RICHARDS, Appellant.

1. Where a party sues on a special contract to recover compensation due on its performance, he must show performance thereof on his part, or a legal excuse for nonperformance.
2. Where a contractor engages to furnish materials and perform certain work for another—as to construct the brick work of buildings—and he does perform the contract, but not in the manner or with the materials required, he may, notwithstanding, if the party for whom the work is done receive and enjoy the same, recover compensation therefor.
3. The value of the work as actually done proportionally to the price fixed in the contract is the measure of damages in such case.
4. Where a contractor engages to construct buildings with pressed brick fronts, and he uses a brick of inferior quality, the relative cost of pressed brick and the kind of brick used is a proper matter to be considered by the jury in ascertaining the compensation to be allowed the contractor.
5. When two causes of action are joined in a petition, they should be stated separately.

*Appeal from Hannibal Court of Common Pleas.*

The plaintiff in his petition set forth that on the 12th of February, 1857, he entered into a written agreement with the defendant to furnish the materials for and to construct and finish the walls of certain buildings. The stipulations of the contract are set forth, and it is stated that the fronts of the houses were to be built of pressed brick. For the work done plaintiff was to be paid at various rates of $8, $8.50, $9.50 and $10 per thousand bricks. The work was to be completed by the 1st of September, 1857, and to be paid for as it progressed. Plaintiff then alleges that he duly per-

formed the undertakings made incumbent upon him by said agreement " except in the manner hereafter stated." He then proceeds to set forth the amount of work done under the contract, together with certain items of extra work; also the particulars in which he had failed to comply with the contract. It is admitted that pressed brick were not used as stipulated, and as a justification for not using them it is alleged that defendant consented to modify the agreement in that respect and to allow plaintiff to use " stock" brick. It is also admitted that the stipulated work was not completed at the time agreed upon, September 1, 1857. This failure was charged to be owing to the fault and omission of defendant. The work, it was alleged, was completed about November 1, 1857, and delivered to and accepted by the defendant. The petition then proceeds as follows: " Plaintiff says that defendant owes him, for work and labor done and performed and materials furnished him in the construction of said buildings, the following sums." He then sets the items of work down with their value, being the same items as had previously been set forth in the petition as done under the contract (including the extra work) and charged for at the contract price. He admitted payments amounting to $1,225, and claimed a balance of $960.94.

The answer admitted the execution of the contract as alleged. It denied that the amount of brick work done was as great as was stated in the petition; denied the alleged modification of the contract so far as the " pressed brick" were concerned; denied that the failure to complete the work stipulated for at the time agreed upon was owing to the fault or omission of defendant; and set up the noncompliance of plaintiff with the contract by way of counter-claim.

At the trial the plaintiff introduced the contract in evidence, and also evidence showing the amount of the brick work done and the value of the extra work done, and rested. The defendant then asked the court, among other instructions, to give the following: " 1. As to so much of plaintiff's demand as relates to materials and brick work done on

the buildings mentioned in the petition, plaintiff can not recover any thing, because it is admitted by the petition that the brick used were not pressed brick as required by the contract, and because there is no evidence tending to show a modification of the contract as to the kind of brick to be used as charged in the petition. 2. As to the demand for materials and brick work, the plaintiff can not recover any thing, because it is admitted by the petition that the work was not completed at the day appointed in the contract for its completion, and because, further, there is no evidence in the cause tending to show the excuse alleged, or any excuse for plaintiff's default. 3. The jury ought not to find for the plaintiff the price agreed in the written contract read in evidence to be paid by defendant for the materials to be furnished, and the work and labor to be performed by the plaintiff in the erection of the walls in said buildings on Centre and Main streets, because it is admitted by the petition that the materials to be used under said contract in the construction of said walls were not used by the plaintiff in the construction of the walls which he did erect; nor can they find for the plaintiff the reasonable value of the materials furnished and the work and labor performed by the plaintiff in the construction of said front walls, because it is not averred in the petition or proved by the evidence what was or is the reasonable value of the same." The court refused so to instruct. The defendant offered to prove the relative market value in Hannibal, in 1857, of pressed and common and stock brick. The court ruled out the evidence at the instance of plaintiff. Witnesses stated that they could not estimate the difference of market value in Hannibal between a pressed brick front and a stock or common brick front. Evidence was also introduced bearing on the subject of the default of the defendant in obstructing the completion of the brick work at the time stipulated.

The court, at the instance of the plaintiff, gave the following instructions: " 1. If the jury find from the evidence that at the time the contract was entered into the cellar walls

were not erected, and that it was understood between the parties that defendant should have the cellar walls put up ready for the brick work, the defendant was bound to have the cellar walls ready for the brick work within a reasonable time after the contract between plaintiff and defendant was entered into; and if the jury further find that the defendant failed to have said cellar walls ready for the brick work within a reasonable time, and that plaintiff was ready and able to have put the brick work within the time specified in the contract, but was prevented from doing so by reason of such failure on defendant's part, then defendant is not entitled to any damages by reason of plaintiff's failure to complete the brick work within the time agreed on. 2. The jury ought to allow plaintiff for the quantity of brick laid in the walls or the buildings according to the prices specified in the contract read in evidence, deducting therefrom the sums of money paid by defendant to plaintiff; and if the balance thus ascertained exceeds the amount of damages allowed defendant upon his counter claim, the jury ought to find a verdict for plaintiff for this excess; and the jury ought to allow to defendant the damages he sustained by plaintiff's act in substituting stock brick in the fronts instead of pressed brick. The measure of such damages is the amount the substitution of stock brick in the place of pressed bricks in the fronts would lessen the value of the building in the market as shown in the evidence."

The court refused the following instruction asked by defendant: " The jury ought to find a verdict for the defendant on his counter claim for the amount of damage it may appear from the evidence he sustained by reason of the failure of the plaintiff to complete his part of the work on said buildings by the first day of September, 1857 ; and the measure of said damage is the reasonable value of the rents and profits of said buildings during the time it may appear from the evidence the defendant was deprived of the use and enjoyment of said buildings by reason of plaintiff's failure to complete the work contracted by him to be performed by the

said 1st of September, 1857." The jury found for plaintiff and assessed damages at $839.46.

*Lamb & Lakenan,* for appellant.

I. This suit was based upon the written contract. No recovery can be had unless a strict compliance with the contract be shown. (4 Mo. 41; 23 Mo. 228.) The petition admits a failure to comply with the contract. There is no proof whatever to show a modification of the contract. The plaintiff having declared upon the special agreement, he can not recover for work and labor done and materials furnished. The court erred in refusing to give the first instruction asked at the close of the testimony of the plaintiff. At that stage plaintiff had shown no cause of action whatever. The court erred in excluding the evidence offered by defendant in relation to the damage he had sustained by reason of the substitution of an inferior kind of brick for the pressed brick. The circuit court required the appellant to show the difference by a market valuation at Hannibal between a building when finished with a pressed brick front and a finished building with a front such as that made by the plaintiff for the building in controversy. The witnesses all agreed that they knew of no such mode of valuation. The court should have received the testimony offered by defendant in regard to the relative valuation of pressed brick and that used, as well as the relative cost to plaintiff of procuring the two kinds of material. (2 Pars. 460; 2 Louis. 45; 7 Hill, 62.) The petition admitted that the building was not finished at the time prescribed. The court should have given the second instruction asked. There was no evidence then before the jury touching the alleged excuse. The jury found against the evidence.

*Porter & Harrison,* for respondent.

I. The court committed no error in refusing the instructions asked at the close of plaintiff's case. Those instructions were based upon the unfounded hypothesis that the petition was predicated solely on the written contract. It

contained a separate statement and claim for work and mate-
rials substantially good as a common count. The instructions
assumed there was no evidence of the value of the work done
and materials furnished. The answer admitted the brick used
to be worth $8.50 per thousand. The evidence offered to show
the abstract market value or cost of pressed brick was rightly
refused. The principal contract of plaintiff was not to furnish
brick, mortar, &c., of a certain description, as upon a sale to
him at certain prices, but to do the brick work of certain
buildings at stipulated prices and at a stipulated time, with
brick of a certain quality or description. The erection of
the buildings was the principal subject of the contract; the
furnishing of the materials the incident. The work having
been done and received, the plaintiff is bound to pay the
value of the work done and received, not exceeding the con-
tract price, deducting therefrom what the work was worth
less, by reason of any deviations from the contract, either as
to the character of the materials used or of the workman-
ship employed, than the same work would have been worth
had no such deviations occurred. (14 Mo. 385; 9 Mo. 218;
23 Mo. 230; 26 Mo. 102; 7 Pick. 184; Sedgw. on Dam.
p. 220.) Plaintiff failed to prove the damage done by rea-
son of the deviation of plaintiff from the specifications of the
contract, viz., that the building was worth less, or how much
less it was worth, by reason of the substitution of a different
kind of brick. It is the value of the work when done, and
not of the materials, that must be the test of damage.

Scott, Judge, delivered the opinion of the court.

There is no doubt that when a plaintiff sues on a special
contract to recover the compensation due on its performance,
that he must show that the contract has been performed or a
legal excuse for its nonperformance. But it is not necessary
always to sue on the special contract. After a contract has
been performed, the money due the contractor may be recov-
ered on the common counts unless the contract contains some
special stipulation or condition requiring an averment of

performance. The present practice act has not done away with the common counts, though now, when resorted to, they must contain a plain and concise statement of the facts constituting the cause of action. (Howard's Practice, 195.) Although it is generally true that a party must perform his contract before he can be entitled to the compensation due on its performance, unless it is otherwise stipulated, yet there are cases in which the services rendered by the contractor are valuable to him for whom they were performed, and he has expressly or tacitly accepted them. In such cases, although the work has not been done within the stipulated time nor in the manner or with the materials required by the terms of the contract, he who performed the work may recover what it is reasonably worth to the owner, not exceeding the contract price. When work is to be performed with a specified material, or in a particular manner, for a price agreed upon, and which is favorable to him who has the work performed, the contractor can not, by violating his contract, place himself in a better situation than if he had complied with his undertaking. The terms on which it was proposed to do the work may have been the inducement to the contract, and to permit the contractor to violate his contract and to recover the full value of his labor and materials would be encouraging dishonesty and unfair dealing. In such cases, the measure of damages would seem to be justly arrived at by the statement, that if the work, when done under the contract and in pursuance to its terms, is worth the price agreed upon, what is the work worth, done as it is, proportionally to the price fixed by the contract? In this way, he who has contracted for the work will retain the advantage he had a right to secure to himself in fixing the price of the work, and of which the contractor can not deprive him by his own act in violating his undertaking. This, of course, goes on the ground that the party insists on his contract, and has not consented to its abandonment by the contractor. When he, who has contracted to have work done, is in a situation to see and to know that the work is not be-

ing done in pursuance to the terms .of the contract, it will always be prudent to object at once, as otherwise the jury may draw such inferences as to its abandonment from his failure to do so as all the circumstances may warrant. Fair dealing and a desire to avoid litigation would seem to require this much. When a contract is by consent abandoned, there will be no hardship in allowing the contractor to recover the value of his materials and labor on a *quantum meruit*.

We do not conceive that the petition in this case is founded on the special contract. It is very informal, but it must be regarded as a complaint for the nonpayment of the sum which the plaintiff's services and materials were worth. The petition contains two causes of action stated in a way contrary to the terms of the statute. When two causes of action are joined in a petition, they should be stated separately, and each cause should stand by itself, and there should be some words showing that another cause of action was about to be stated. This petition begins with the statement of one cause of action, and in the middle of it sets out another, and afterwards resumes the statement of the cause first begun to be set out. Such a course must inevitably produce confusion; and it is strange that parties, who conceive that they have a good cause of action, should not endeavor to set it out in a plain, simple way, so as to be easily comprehended. If he wishes to join in the same petition two causes of action, after one cause is fully stated, he should begin the second statement, and every subsequent one, with the words " and for another cause of action," &c., or some such words as will clearly set forth his intention. Plaintiff can not and ought not to expect any advantage by jumbling several causes of action together in such way as gives rise to a contention whether one or more causes are united in the petition, and as to the relief to which he is entitled. So the statute requires that the several defences should be stated separately, just as several pleas were formerly pleaded in suits at law.

We are of opinion that the court erred in excluding evidence. of the value of pressed brick and in giving the instruc-

tion in relation to that subject. In excluding evidence of the value of pressed brick, the court took from the jury the principal element which would be regarded in ascertaining the amount of injury sustained by the defendant in consequence of the violation of the contract by the plaintiff. That evidence might not be conclusive, nor would it be the only matter weighed by the jury in forming their verdict, but certainly it was a subject for their consideration, and no reason is seen why it should be excluded. Not satisfied with this, the party would have the court establish a measure for the ascertainment of the defendant's damages which was utterly impracticable, and which was pronounced to be so by all of the witnesses examined on the subject. The standard proposed was such that nothing was known about it. Indeed it is not easily understood what is meant by the "market value" of houses. The plaintiff's undertaking to build the front walls with pressed bricks at a low price may have been the inducement to the defendant to enter.into the contract. The jury should have been instructed, that, in fixing the damages sustained by the defendant, they should take into consideration the price of the work as declared by the contract, and then determine, if the work when done in pursuance to the contract is worth that sum, what it is worth done as it is. A contractor, who has undertaken to build a house with a costly material, will not be permitted to use an inferior one, and then say that the difference is a matter of taste, and that the one house is as valuable as the other. If one pays for the gratification of his taste, he has a right to have it gratified. But this is not matter of taste, as pressed bricks are worth more than ordinary ones in a building. (Farmer v. Francis, 12 Ired. 283.)

Judge Ewing concurring, the judgment is reversed and the cause remanded. Judge Napton absent.