**W. M. HUTSON, Appellant,**

v.

**Skeet CHAMBLESS, Appellee.**

**No. 3395.**

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1956.

Rehearing Denied Nov. 28, 1956.

C. C. Renfro, Dallas, for appellant.

Harold W. McCracken, Dallas, for appellee.

McDONALD, Chief Justice.

This case involves a controversy over the construction of a house. Parties will be referred to as in the Trial Court. Defendant Hutson, a building contractor, agreed to build plaintiff Chambless a house for $16,750 (less $900 and agreement plaintiff to do the painting). The parties entered into a written contract, and as part of the agreement there were written specifications and a set of plans. Plaintiff contended that defendant did not build the house according to the contract, and filed this suit for damages for breach of contract. Plaintiff alleged that defendant did not construct the house in accordance with F.H.A. requirements (as called for by the contract); deviated from plans and specifications; and failed to construct the house in a workmanlike manner. Plaintiff further alleged that the defects and deviations could be corrected for $9,015, and asked judgment for this amount. Defendant answered by general denial; alleged there were no substantial deviations from the contract except such as were agreed to or waived by plaintiff; and by way of cross action alleged that plaintiff owed $16,750, less $900 for painting, and less $9,500 which had been paid on the contract by plaintiff; and prayed for judgment against plaintiff for $6,804.25, interest and attorney's fees, and for $338.30 for extras, and for foreclosure of lien on the property.

Trial was to a jury which, in answer to special issues submitted, found:

1) Defendant failed to construct the house in a workmanlike manner and in accord with minimum F.H.A. requirements.

2) The reasonable cost of remedying the defects in the house was $6,000.

3) That the defects in the house could be remedied without impairing the building as a whole.

4) The reasonable cash market value of the building in the condition it is now in is $9,650.

5) That the reasonable cash market value of the building, if constructed according to contract, would have been $16,750.

6) Defendant deviated from the terms of the contract in construction of the house.

7, 8, 9, 9A) Some deviations were with plaintiff's consent; and some deviations were made without plaintiff's consent; that plaintiff by his conduct had not waived his rights to complain as to deviations he had not consented to.

9B) That the reasonable cost of changing deviations not consented to or waived was $6,000.

10) That defendant, in the construction of the house, did not substantially comply with the contract.

11) That plaintiff and defendant agreed on certain "extras" to be done by defendant.

12) That defendant did certain extras.

13) That plaintiff owes defendant $303 for such extras performed.

The Trial Court entered a modified and corrected judgment on the foregoing verdict, finding that plaintiff was entitled to a recovery of $6,000; that plaintiff owed defendant a note for $16,750; less $900 credit for the painting; less $5,000 paid on such note; less $4,045.75 paid on the principal of such note; leaving a principal balance of $6,804.25 due on the note. The court further found defendant was due $303 for extras, making a total due defendant of $7,107.25. The court then credited such amount with the $6,000 allowed plaintiff and entered a judgment for defendant for $1,107.25, plus attorney's fees thereon in the sum of $110.72, such judgment of the Trial Court being for the total sum of $1,217.97 in favor of defendant and against plaintiff. The Trial Court further decreed foreclosure of the lien to satisfy the judgment, and taxed costs one-half against each party.

The defendant appeals, contending:

1) The Trial Court erred in submitting the case to the jury on three separate theories whereby the jury found: a) Defendant failed to construct the house in a work-manlike manner and that it would cost $6,000 to remedy the defects; b) The difference in value of the house as it was and what it would have been if constructed according to contract was $7,150; and c) The cost of changing deviations from the contract would amount to $6,000.

2) The Trial Court erred in submitting Issue No. 4 in the language used, and in submitting No. 5; and the evidence is insufficient to support the jury's finding thereto.

3) The Trial Court erred in submitting Issues 1 and 2 whereby the jury were instructed to find what lump sum cost would be to change the 20 separate failures to perform the contract.

4) The Trial Court erred in submitting Issues 6, 7, 8, 9, 9A and 9B to the jury because the jury were instructed to find what the lump sum cost would be of changing deviations from the contract, and because the jury was not limited in its findings to material and substantial deviations.

5) The Trial Court erred in allowing plaintiff a recovery of $6,000 and in applying such as a credit on the note owed defendant, thereby reducing defendant's recovery for attorney's fees.

Reverting to defendant's 1st contention—that the Trial Court erred in submitting the case to the jury on three separate theories, whereby the jury found: a) Defendant failed to construct the house in a work-manlike manner and it would cost $6,000 to remedy the defects; b) The difference in the value of the house as constructed, and what it would have been if constructed according to the contract was $7,150; c) The cost of changing unauthorized deviations from the contract would amount to $6,000.

■ From a review of the record we conclude that plaintiff plead and proved that the defendant contracted to build the house according to certain plans and specifications; to include workmanship which would

be in accordance with minimum F.H.A. requirements. Plaintiff's evidence reflects, among other things, that the vertical joints were not filled with mortar; no flashing under one window; some walls out of plumb; there were 12 weepholes; should have been 60; 48 head joints with visible openings; cracks in the mortar; room measurements not as called for by plans; foundation of insufficient strength; poor workmanship; inferior material; house turned down by F.H.A. because quality of construction and material did not meet minimum F.H.A. requirements. Plaintiff further plead and tendered evidence on some ·20 separate items of failure of defendant to perform the contract which reflected the cost necessary to correct such failures to be $9,015. Defendant, on the other hand, admitted executing the building contract and specifications; said he was not personally acquainted with F.H.A. requirements, and that he did not instruct the sub-contractors that the house was to be built F.H.A. requirements. Some of the evidence in the record tended to indicate that the defects and deviations were so numerous and so serious that they could not be corrected without impairing the building as a whole. On the other hand, there was an abundance of evidence to the effect that the defects and deviations could be corrected by taking certain steps at a specified cost—and which tended to show that the defects were not such as would impair the building as a whole. There was ample evidence from various witnesses to sustain the jury's finding that the value of the house if completed according to contract would have been $16,-750; and that its value as it was completed was $9,650.

We come now to a brief review of some of the rules relative to submission of cases on special issues.

Rule 279 Texas Rules of Civil Procedure provides that when the court submits a case upon special issues he shall submit the controlling issues made by the pleadings and the evidence. The rule is further and more generally stated in 41–B Tex.Jur. p. 568, as follows:

"The framing of ultimate fact issues is addressed largely to the court's discretion, exercise of which will be reviewed only when prejudicial abuse is shown. If such ultimate issues of fact are fairly presented, the mode of presenting them will not be reviewed. Nor will .too great a generalization by the trial court be reviewed, even upon timely objection, in the absence of correct special issues tendered by the objecting party, unless there is affirmative error in the issue submitted by the court. That an issue could have been better stated is no reason for holding it improper. So long as it presents a single ultimate fact and clearly directs the attention of the jury to this fact, it is ordinarily unassailable."

■ Further, a group of facts may constitute the ultimate issue rather than a single fact; when two theories of recovery are pleaded and the evidence is sufficient on both, the Trial Court must submit separately the ultimate controlling issue affecting each theory and secure jury findings as a basis for the judgment to be entered. See Texas General Indem. Co. v. Scott, Tex. Civ.App., 246 S.W.2d 228, reversed on other grounds 152 Tex. 1, 253 S.W.2d 651.

■ The rule of damages for breach of a building contract is:

If the defects which constitute the breach can be remedied, without impairing the building as a whole, the measure of damages is the reasonable cost of remedying such defects, but if such defects cannot be remedied without injury to the structural efficiency of the building as a whole, the measure is the difference in the value of the building as constructed and its value had it been constructed according to the contract. See: McBurnett v. Smith & McCallin, Tex.Civ.App., 286 S.W. 599; Atkinson v. Jackson Bros., 259 S.W. 280; Id., Tex. Com.App., 270 S.W. 848, 38 A.L.R. 1377; Roberts v. Roberts, Tex.Civ.App., 27 S.W.

2d 880; Totten v. Houghton, Tex.Civ.App., 2 S.W.2d 530.

(Defendant contends that it was error to "confuse the jury by submitting the case on three theories"; and in addition, contends "such submission was highly prejudicial to defendant." Defendant further contends, as we will see later, that the correct theory of submission of this case was on difference in value as constructed and value had it been constructed according to contract, and that the court's attempt to do this in Special Issues 4 and 5 was ineffectual.)

■ Applying the rules of law announced to the pleadings and proof in the case at bar, we cannot say that the Trial Court committed reversible error in submitting the case as it did. The plaintiff plead, and tendered a myriad of evidence that the defendant entered into a contract to build the house according to certain plans and specifications; according to minimum F.H.A. requirements; and in a workmanlike manner; that the defendant did not so construct such house; that the F.H.A. turned it down; that some 20 separate items of failure to perform the contract appear and that each item could be corrected for a certain sum, the aggregate of which was $9,015. The jury found that the defendant failed to construct the house in a workmanlike manner and in accord with F.H.A. requirements; that the defects could be remedied without impairing the building as a whole and for $6,000. We think the findings are amply supported in the evidence and that such findings alone support the judgment rendered by the Trial Court.

■ Now the Trial Court submitted issues on deviations from the plans and specifications. The plaintiff plead and tendered evidence that such was the case. The defendant plead and tendered evidence that deviations appearing were either consented to by plaintiff or waived by him. We fail to perceive reversible error in this submission by the Trial Court and likewise think the evidence supports the jury's findings.

■ Defendant, as previously noted, contends that under the state of the record as here presented, the proper theory of submission of this case to the jury was the difference in value of the house as built and the value if constructed according to contract. Although we think that the record sustains submission and judgment under Issues 1, 2 and 3, nevertheless we think that defendant received the submission he contends for. Had judgment been rendered based on this submission, plaintiff's damages would have been $7,100, rather than $6,000. Hence defendant was not in any respect injured thereby, and cannot be heard to complain.

■ Defendant's 2nd contention is that the Trial Court erred in submitting Issues 4 and 5 in the language used, and that there is insufficient evidence to support the jury's findings thereon. As previously noted, we think the judgment finds ample support in the jury's findings to Issues 1, 2 and 3. However, we further think the Trial Court's submission of Issues 4 and 5 was proper. As to Issue 4 defendant made no objection to the language of the issue nor did he make request for a properly worded issue. The answers to these issues find ample support in the evidence. However, as noted under our discussion of defendant's 1st contention, the Trial Court did not predicate its judgment on the answers to Issues 4 and 5, so if there was error committed, it was in favor of defendant and he cannot be heard here to complain. See 3–B Tex.Jur. p. 717.

■ Defendant next complains at the Trial Court's submission of Issues 1 and 2, whereby the jury were instructed to find what the lump sum cost would be to change 20 separate failures to perform the contract. The exact wording of these issues was:

"1. Do you find from a preponderance of the evidence that the defendant

failed to construct the house in dispute in a workmanlike manner and in accordance with the best practice and with minimum F.H.A. requirements? Answer: *He did fail to so construct.*"

"2. From a preponderance of the evidence, find and state the reasonable cost of remedying the defects in such building, if any you have found. Answer: *$6,000.00*".

Defendant's complaint is here that plaintiff alleged and tendered proof of some 20 defects, together with the cost of correcting same, and that the Trial Court should have submitted an issue on each of the alleged defects and an issue as to the cost of correcting each. We think that the submission as made by the Trial Court submitted the ultimate and controlling issues and that there is no merit in defendant's contention.

■ Defendant's 4th contention is that the Trial Court erred in submitting Issues 6, 7, 8, 9, 9A and 9B to the jury because *the jury were instructed to find what the* lump sum cost would be of changing deviations from the contract, and because the jury was not limited in its findings to material and substantial deviations. We believe the issues as submitted are not erroneous. To have submitted issues on each item of deviation would have been evidentiary. The issues as submitted were controlling issues supported by the pleadings and evidence.

Defendant's 5th contention is levelled at the Trial Court's allowing plaintiff a recovery of $6,000 and in applying such as a credit on the note owed to defendant, thereby reducing defendant's recovery for attorney's fees.

■

The Trial Court was correct in allowing plaintiff a recovery of $6,000 and in applying such as a credit on the note owed to defendant. The original note was for $16,750. It was reduced $900 as a credit to plaintiff for doing the painting. Plaintiff later paid $5,000 on the note on 15 April 1955, and $4,500 on the note in July 1955, $4,045.75 of which was on the principal. The defendant cross-acted to recover on his note, to foreclose on his lien, and to collect interest and attorney's fees due under the note. The Trial Court credited the $16,750 with $900, $5,000, $4,045.75, and $6,000, leaving a balance of $804.25. To this amount the court added $303 found by the jury to be for "extras" for which defendant was entitled to reimbursement. The Trial Court then entered judgment for $1,107.25, plus attorney's fees in the sum of $110.72, and in the total sum of $1,217.-97.

■ Since defendant did not fully or even substantially comply with his contract, there was a partial failure of consideration for the note, including interest and attorney's fees thereon. We think the Trial Court correctly allowed defendant attorney's fees, *only* on the amount due to him. See Ward v. Boydston, 63 Tex.Civ.App. 656, 134 S.W. 786; 11 C.J.S, Bills and Notes, § 726.

We find no reversible error and accordingly overrule all of defendant's points and the contentions, thereunder.

The judgment of the Trial Court is affirmed.

HALE, J., not participating.