## W. M. Hutson v. Skeet Chambless

No. A-6155. Decided April 3, 1957.
Rehearing overruled May 8, 1957.
(300 S.W. 2d Series 943)

194

*C. C. Renfro,* of Dallas, for petitioner.

*Harold McCracken,* of Dallas, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Our study of the involved record in this case has convinced us that one question of law is decisive of the character of judgment which should be rendered here, and our statement will be limited to the essential facts relevant to that question. That

decisive question is the proper rule for measuring the damages for the breach of a contract to construct a house.

Hutson, a building contractor, entered into a contract with Chambless for the construction of a house according to certain plans and specifications. The contract price was $16,750.00, for which Chambless executed his note to Hutson. Later, the parties agreed that Chambless would paint the house and $900.00 was deducted from the contract price on that account. After he had made two payments on the note, Chambless sued Hutson for damages for breach of contract, alleging that he did not build the house according to FHA requirements as specified in the contract; that he failed to construct the house in a workmanlike manner; and that he deviated from the plans and specifications. Hutson by cross-action sued for the balance due on the note, with foreclosure of the lien securing the same, and for certain extras. In the trial court judgment was rendered for Hutson on the note and for certain extras, but judgment was rendered in favor of Chambless for damages in the sum of $6,000.00, which amount was offset against Hutson's recovery. The trial court's judgment was affirmed by the Court of Civil Appeals. 295 S.W. 2d 723.

Chambless alleged twenty separate and distinct particulars in which Hutson breached his contract. Some of these were in defective workmanship and others in deviations from the specifications. The defects in workmanship and deviations are not classified as such, but are commingled in the allegations of the petition. Adding the sums alleged to be required to remedy the various defects and deviations, including $100.00 for clearing the lot of debris, the result was $9,015.00, for which Chambless sued. As we construe the petition, the damages alleged for defective workmanship amount to but a few hundred dollars. Most of the damages claimed resulted from alleged deviations from the specifications or the furnishing of inferior material. In answer to special issues the jury found that the defects in workmanship could be remedied without impairing the building as a whole at the reasonable cost of $6,000.00. It next found that the reasonable market value of the building in its then condition was $9,650.00, and that its reasonable cash market value, if constructed according to the contract, would have been $16,750.00, the difference between the two values being $7,100.00. The jury then found that Hutson deviated from the terms of the contract; that some deviations, not specified, were with the consent of Chambless and others, also not specified, were not with his consent; and that the reasonable cost of

remedying the deviations not consented to would be $6,000.00. As noted above, Chambless alleged that all defects in workmanship and deviations could be remedied for $9,015.00. The jury found that it would require $6,000.00 to remedy the defects and $6,000.00 to remedy the deviations, making a total of $12,000.00. The court rendered judgment for $6,000.00 for the damages sustained by Chambless. Whether the damages were for remedying defects in workmanship or for remedying deviations does not appear in the record. This much is clear: Judgment was not rendered for the difference in value between the building as constructed and its value had it been constructed according to contract, which the jury found to be $7,100.00.

■ Various objections were urged below and are brought forward here to the manner of submission of the special issues relating to the cost of remedying the defects and deviations, but under our view of the controlling question presented by the record we find it unnecessary to consider them. This for the reason that they should not have been submitted at all. It is our view that, assuming that Hutson breached the contract as alleged, and as found by the jury, the correct measure of damages suffered by Chambless is the difference in value, if any, between the house as constructed and its value had it been consructed according to contract. As noted above, the jury found in answer to special issues that the defects in workmanship in the building could be remedied without impairing the building as a whole, but there was not a like finding as to deviations. The question of whether the deviations could be remedied without impairing the physical structure of the building was not submitted to the jury.

Hutson objected to the submission of Special Issues Nos. 1, 2 and 3, in answer to which the jury found that the defects in workmanship could be remedied without impairing the building as a whole at a reasonable cost of $6,000.00. One objection thereto was that they submitted an incorrect measure of damages; that the correct measure of damages would be the difference, if any, in value of the building as constructed and its value had it been constructed according to contract. He does not bring that question here in that precise form, but his first point is that it was error to submit the case on three theories. Under that point it is argued that the charge should have submitted special issues on only one theory of recovery, namely, the difference in value, if any, between the building as constructed and its value had it been constructed according to contract. We have concluded that the point and the argument thereunder

present the question of whether the court should have submitted any special issues on the cost of remedying defects or deviations. It seems clear that under the pleadings of Chambless there was one, and only one, correct measure of damages.

To remedy the alleged defects and deviations according to the pleadings of Chambless would require not only the expenditure of a large sum of money, but the rebuilding of the foundation, the tearing down of the brick veneer and rebuilding it with better materials, the rebuilding of the den at a cost of more than $3,000.00, and removing and replacing the tile in the bathroom, to mention some of the alleged requirements. It is not claimed that Hutson intentionally deviated from the contract. On the contrary, it was alleged that it was through inadvertance. Under these facts, the rule for measuring the damages is well settled. It is stated by the Supreme Court of Washington in White v. Mitchell, 213 P. 10, in this language:

"Where it is necessary, in order to make the building comply with the contract, that the structure, in whole or in material part, must be changed, or there will be damage to parts of the building, or the expense of such repair will be great, then it cannot be said that there has been a substantial performance of the contract. Generally, where there has not been such substantial performance, the measure of the owner's damage is the difference betwen the value of the building as constructd and its value had it been constructed in accordance with the contract. Such a recovery would be just to both parties. It is manifest that to measure the owner's damage by the cost necessary to make the building conform to the contract would often be an injustice, because in many instances such cost would amount to almost as much as the original contract price."

That rule was followed in Totten v. Houghton, 2 S.W. 2d 530, no writ history, and authorities therein cited. It is announced in practically the same language in 9 American Jurisprudence, Building and Construction Contracts, Sec. 43, p. 33. Many authorities supporting the rule are annotated in 23 A.L.R. 1436, 38 A.L.R. 1383, and 65 A.L.R. 1298.

It is claimed that, since there were findings by the jury that the house was worth $7,100.00 less than it would have been worth had it been constructed according to contract, judgment could have been rendered in favor of Chambless for $7,100.00, and that Hutson cannot complain that judgment was rendered

against him for $6,000.00 instead of $7,100.00. That contention might be sustained if the issues submitting the question of value had been properly framed. This brings us to a consideration of Hutson's objections to those issues. The issues and answers thereto were:

"Special Issue No. 4. From a preponderance of the evidence, find and state the reasonable cash market value of the building in litigation in the condition it is now in? Answer in dollars and cents. ANSWER $9,650.00."

"Special Issue No. 5. From a preponderance of the evidence, find and state the reasonable cash market value of said building in litigation as such value would have been if such building had been constructed according to contract? ANSWER $16,750.00."

■ Hutson objected to Special Issue No. 4 on the ground, among others, that it did not take into account the injury to the building caused by the failure of Chambless to paint the doors and woodwork inside the building according to his contract. That fact should have been taken into consideration. A more serious objection was leveled at Special Issue No. 5. That objection was that it assumed a disputed issue of fact, namely, that the building was not constructed according to contract. That objection should have been sustained. Law of Special Issues, Speer, Sec. 195; 41-B Texas Jur., Trial-Civil Cases, Sec. 483, p. 638, and cases there cited. Since the trial court did not render judgment for $7,100.00 but for $6,000.00, we assume that the court concluded that the objections were well taken. At any rate, the court should have so concluded.

■ Whether Hutson constructed the building according to contract was a sharply disputed issue. While he admitted some deviations from the original plans and specifications, he testified that they were consented to by Chambless. In fact, there was sufficient evidence on the issue of consent to cause the jury to find that certain deviations, not specified, were consented to by Chambless. The deviations, if any, which were consented to by him became a part of the contract itself. To assume that Hutson deviated from the terms of the contract is to assume that the deviations were without the consent of Chambless. The error in submitting that issue necessitates a reversal of the case.

To summarize, we hold that the trial court's judgment was

based upon an incorrect measure of damages; that the true measure of damages is the difference in value between the building as it stood at the time of the trial, with allowance for Chambless' failure, if any, to paint the doors and woodwork, and its value had it been constructed according to the contract; that the special issues submitting that measure of damages were improperly framed; and that the error in the manner of submitting them necessitates a reversal of the case.

The judgments of both courts below are reversed, and the cause is remanded to the trial court.

Opinion delivered April 3, 1957.

MR. JUSTICE NORVELL, joined by JUSTICE SMITH, concurring.

I concur in the decision reached in this particular case as it seems that assuming the contract has not been substantially performed, the recovery permitted under the facts pleaded by Chambless would be measured by the difference between the value of the building as actually constructed and its value had it been constructed in accordance with the plans and specifications of the contract. This rule, however, if it can be properly called a general rule, is subject to numerous exceptions. This difference in values is not necessarily the measure of damages when the default of the contractor is wilful or intentional. Groves v. John Wunder Co., 205 Minn. 163, 286 N.W. 235, 123 A.L.R. 502. Nor should it be the exclusive measure where it is shown that the owner of property desiring construction thereon is dependent upon a loan commitment which is based upon completion of the work in accordance with plans and specifications, nor where an essential element of the contract from the owner's standpoint is the "gratification of his taste" for which he has contracted and agreed to pay money. Marsh v. Richards, 29 Mo. 99, Ann. 23 A.L.R. 1442. Chamberlain v. Parker, 45 N.Y. 569, 1c. 572. Other instances may be given to illustrate that the rule is by no means exclusive. I concur in the present judgment because no facts are pleaded which would render a measure of damages other than the differences in values properly applicable to the case.

Opinion delivered April 3, 1957.

Rehearing overruled May 8, 1957.