**COUNTY OF TARRANT, Appellant,**

v.

**BUTCHER & SWEENEY CONSTRUCTION COMPANY et al., Appellees.**

**No. 4293.**

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

Rehearing Denied July 18, 1969.

Frank D. Coffey, Criminal Dist. Atty., Nelson Scurlock, Rawlings, Sayers & Scurlock, Ft. Worth, for appellant.

Warren W. Shipman III, John W. McMackin, McGown, Godfrey, Decker, McMackin, Shipman & McClane, Donald C. Bubar, Ft. Worth, for appellees.

GRISSOM, Chief Justice.

In 1959, the Commissioners' Court of Tarrant County decided to erect a building for a courthouse and jail. It employed Birch D. Easterwood and partners as architects. They agreed to do the architectural work for less than the usual fee in consideration of being relieved of the obligation to regularly inspect the construction. They prepared the plans and specifications. Butcher & Sweeney Construction

Company agreed to construct the building according to said plans and specifications. R. S. Smith, a structural engineer who was a member of said firm of architects, prepared that part of the plans and specifications dealing with structural requirements.

Tarrant County sued Butcher & Sweeney Construction Company for damages caused by a breach of its contract because it deviated from the plans and specifications in the following ways:

(a) it attached shelf angles to the concrete wall with studs, instead of the expansion bolts called for in the plans and specifications; (b) it installed shelf angles with three inch legs projecting horizontally from the concrete wall, instead of the five inch legs called for in the plans and specifications, and (d) it failed to install brick anchors twenty four inches on centers, vertically and horizontally.

The County alleged the cost of remedying the defects caused by said deviations was $128,721.95, for which it sued Butcher & Sweeney Construction Company, as damages for breach of contract.

A jury found (1) that Butcher & Sweeney deviated from the plans and specifications in the following ways, to-wit:

(a) by attaching the shelf angles to the concrete walls with power-driven studs, instead of expansion bolts;

(b) in installing shelf angles with three inch legs, instead of five inch legs, projecting horizontally from the concrete walls;

(d) in failing to install brick anchors twenty four inches on center, vertically and horizontally. But the jury answered issue 2, which asked the cost of remedying the defects caused by said deviations of the Construction Company, "none." It also found that (3) the defects caused by said deviations of Butcher & Sweeney could not have been remedied after completion of the building without unreasonable economic waste and (4) that there was no reduction in the value of the building by reason of said deviations.

The construction contract authorized the architect to approve minor changes, not involving extra cost and not inconsistent with the purpose of the building. The jury found (16) that substitution of power-driven studs for expansion bolts in attaching shelf angles to the concrete wall was a minor change, not involving extra cost and not inconsistent with the purpose of the building; (17) that engineer Smith was authorized by architect Easterwood to act for him in permitting substitution of studs for expansion bolts; that (18) E. W. Thomas, acting for architect Easterwood, approved that substitution; that (19) installation of shelf angles with three inch, instead of five inch legs, projecting horizontally from the wall was a minor change, not involving extra cost and not inconsistent with the purpose of the building, and (20) that engineer Smith was authorized by architect Easterwood to act for him in permitting installation of shelf angles with three inch, instead of five inch legs; that (21) Smith authorized installation of three inch legs, instead of five inch legs; that (21-A) it was the custom and practice in the construction industry in Tarrant County during construction of the building for a structural engineer, such as R. S. Smith, who was associated with an architectural firm, as he was with Easterwood, to act for such an architect in approving minor structural changes, not involving extra cost and not inconsistent with the purpose of the building.

With reference to knowledge by the Commissioners' Court, or Tarrant County, of such deviations from the plans and specifications by Butcher and Sweeney, the jury found that (6) before completion of the building, Rockwell, the County's project inspector, knew of the deviations found by the jury and that during construction of the building the county engineer, Champeaux, knew thereof and that Commission-

er Henderson knew during construction that power-driven studs were being used in attaching the shelf angles to the concrete wall. It found (15) that the County Commissioners, during construction, in the exercise of ordinary care should have known of the deviations from the plans and specifications found by the jury.

The jury found (7) that the representatives of Tarrant County failed to complain to the Construction Company of said deviations with reasonable promptness after Rockwell, the County's project inspector, knew thereof and that (11) the County failed to complain to the Construction Company about said deviations with reasonable promptness after they were known to county engineer Champeaux.

The jury found (26) that Tarrant County failed to detect such defects and have them corrected within a reasonable time after completion and acceptance of the building, but (27) that such failure was not a proximate cause of the defects caused by the failure to install through-wall flashing and weep holes at the base of the penthouse.

The County sued architect Birch D. Easterwood for damages caused by his alleged negligence in failing to provide in the plans and specifications for expansion joints in the brick veneer walls and through-wall flashing and weep holes at the base of the penthouse walls. The County also sued R. S. Smith, the engineer who prepared the structural plans and specifications for said architects and supervised that part of the work. They alleged Smith was negligent because he authorized Butcher & Sweeney to attach shelf angles to the concrete walls with nails, instead of the expansion bolts called for in the plans and specifications. The County sued architect Easterwood and engineer Smith for the reasonable cost of remedying the defects caused by their alleged acts of negligence.

The jury found (22) that architect Easterwood failed to use the degree of care that an architect of ordinary competence and skill in Tarrant County would have used under the same or similar circumstances in (22) omitting from the plans and specifications requirements for through-wall flashing and weep holes at the base of the penthouse walls and (23) that said failure was a proximate cause of defects in the building. It found (28) the County was damaged $700.00 by architect Easterwood's failure to include in the plans and specifications requirements for through-wall flashing and weep holes at the base of the penthouse walls. The court rendered judgment for Tarrant County against architect Easterwood for $700.00. There is no appeal from the part of the judgment disposing of the County's claim against Easterwood.

The jury failed to find the structural engineer, R. S. Smith, guilty of any act of negligence which was a proximate cause of any damage. It failed to find that Butcher & Sweeney breached its contract or did any unauthorized act or that the County was in any way damaged by its said deviations from the plans and specifications. The court rendered judgment that Tarrant County take nothing against Butcher & Sweeney Construction Company and R. S. Smith. The County has appealed from that part of the judgment.

Butcher & Sweeney Construction Company did not deny that it deviated from the plans and specifications in the respects found by the jury but it presented evidence that substitutions were of equal or better material and methods, were duly authorized and that they were known by the County's project inspector during construction. It did not dispute the fact that expenditures were required by the County to repair damage to the building which occurred after it was accepted by the County. It was apparently agreed that the sole cause of damages, other than that assessed against Easterwood, was the differential movement between the inner concrete wall and the brick veneer wall, for which the County acknowledged said contractor was

not responsible. Under the jury findings, those deviations were authorized and did not cause damage.

■ The County's first "proposition" under many points of error is that since the pleadings and evidence established that the building was substantially completed, the proper measure of damage was the reasonable cost of remedying the defects. It says the question is whether Butcher and Sweeney failed to perform its contract; that it is undisputed that it did fail; that the County paid the contractor for something it didn't get, a building completed according to said plans and specifications. It says that, because the jury found Butcher & Sweeney deviated from the plans and specifications, it is liable to the County for the cost of remedying the resulting defects. As shown, the jury found (2) that the cost of remedying the effect of said deviations was "none." Appellant says such finding is contrary to all the evidence or, in the alternative, so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong. All of Butcher & Sweeney's established deviations from the plans and specifications were, according to the findings of the jury, authorized, were approved and were known to the County's project inspector and caused no damage. We are forced to the conclusion that the answers complained of by appellant are supported by evidence of probative force and that they are not contrary to the overwhelming weight and preponderance of the evidence.

Appellant further says the court erred in giving effect to the finding that (3) the deviations found could not have been remedied after completion of the building without unreasonable economic waste. It says the correct measure of damages to be assessed against Butcher & Sweeney Construction Company for failure to comply with the contract was the reasonable cost of remedying the effect of its deviations and therefore the court erred in giving effect to finding number three. It says the question of economic waste was not involved and the phrase "without unreasonable economic waste" had no proper part in determining the measure of damages; that economic waste is material only where there is not substantial performance of the contract, in which event the measure of damages is the difference in the value of the building as constructed and what its value would have been if it had been completed according to plans and specifications. It says that an exception to the rule that such difference in value is the proper measure of damages is applicable when there has been substantial performance by the contractor, citing Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943, 946. Appellant also says the court erred in submitting issue 4, which inquired what reduction in value was caused by such deviations, to which the jury answered "none", and that the court erred in giving effect to that answer because there was not submitted an ultimate issue of fact. It says the correct measure of damages is the reasonable cost of remedying the defects caused by the failure of Butcher & Sweeney to comply with the plans and specifications. We think this argument must be rejected. The jury found no damage was caused by Butcher & Sweeney's deviations from the plans and specifications and, further, that they were authorized by the construction contract. Butcher & Sweeney say the jury has properly found that to remedy the effect of deviations from the plans and specifications, excluding the damages caused by differential movement, for which the contractor was admittedly not responsible, involved economic waste; that the evidence shows the contractor used as good or a better method than that prescribed by the plans and specifications and that the undisputed evidence is that the building was safe and no repairs were required as a result of the deviations found and that, under the facts and findings relative to economic waste, the proper measure of damages was the difference in value of the building as constructed and what its value would have

been if it had been constructed according to the plans and specifications.

■ The rule is stated in McCormick on Damages, 1935, Section 168, at pages 648–649, as follows:

"In whatever way the issue arises, the generally approved standards for measuring the owner's loss from defects in the work are two: First, in cases where the defect is one that can be repaired or cured without undue expense, so as to make the building conform to the agreed plan, then the owner recovers such amount as he has reasonably expended, or will reasonably have to spend, to remedy the defect. Second, if, on the other hand, the defect in material or construction is one that cannot be remedied without an expenditure for reconstruction disproportionate to the end to be attained, or without endangering unduly other parts of the building, then the damages will be measured not by the cost of remedying the defect, but by the difference between the value of the building as it is and what it would have been worth if it had been built in conformity with the contract."

To the same effect is the Restatement of Contracts, Section 346(1) (a) (ii); J. E. Hollingsworth & Co. v. Leachville Special School Dist., 157 Ark. 430, 249 S.W. 24; Campbell v. Koin, 154 Colo. 425, 391 P.2d 365; Boggs v. Shadburn, 65 Ga.App. 683, 16 S.E.2d 234; H. P. Droher & Sons v. Toushin, 250 Minn. 490, 85 N.W.2d 273; 5 Corbin on Contracts, 1964, Section 1090.

■ Butcher & Sweeney say that economic waste may be considered when repairs are required to make a building safe. We think this is correct if such unsafe condition is attributable to deviations from the plans and specifications. If the building was unsafe for other reasons that condition cannot be attributed to the Butcher & Sweeney's deviations from the plans and specifications. The evidence shows the building was safe, except as it may have been made otherwise by the County adopting plans and specifications which contained no provision for the contingency of differential movement. Butcher & Sweeney agreed only to construct the building according to said plans and specifications. According to jury findings, it did construct the building in accord therewith and, further, no damage resulted from the deviations found by the jury.

■ Under the findings that Butcher & Sweeney's deviations were authorized and that they caused no damages, appellant's contention that the correct measure of damage is the reasonable cost of remedying the defects caused by the deviations of Butcher & Sweeney from the plans and specifications cannot be sustained. Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943, 946. The County is not entitled to recover damages against Butcher & Sweeney for breach of its contract under the jury findings that the deviations were authorized and no damages resulted therefrom. It was apparently admitted that said deviations was not the reason repairs were necessary. Repairs were required by said differential movements. They were the result of use by the County of plans and specifications which contained no plan for prevention of such movements. Therefore, the jury properly found that the reasonable cost of remedying defects caused by Butcher & Sweeney's deviations was "none."

The jury found (1) that Butcher & Sweeney deviated from the plans and specifications in three particulars. But this was not a finding that it breached its contract. The jury also found that said deviations constituted minor changes, not involving extra cost and not inconsistent with the purposes of the building. Such changes were authorized by the contract under the facts found in answer to issues 16, 17, 18, 20, 21 and 21a. There was a failure to find that Butcher & Sweeney breached its contract. In addition the jury found (2) that no damage resulted from its deviations.

The jury also failed to find that engineer Smith, who with Butcher & Sweeney constitute the appellees here, was guilty of any act of negligence which damaged the County. The County had the burden of establishing a breach of the contract by Butcher & Sweeney and that it was damaged thereby and, as to Smith, that he was guilty of some act of negligence alleged and that it was a proximate cause of damage to the County. There being no such findings the County was not entitled to judgment against appellees.

We have considered all of appellant's contentions, ably presented in a lengthy brief. All of appellant's points are overruled. We conclude that reversible error is not shown. The judgment is affirmed.