**Frank JACOBINI, Appellant,**

v.

**Ben E. ZIMMERMAN, Appellee.**

No. 17354.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 10, 1972.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Albon O. Head, Jr., and Sam J. Day, Fort Worth, for appellant.

Simon & Simon, and Sheldon Anisman, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Appeal from judgment for plaintiff owner Ben E. Zimmerman for damages because of breach of construction contract by contractor defendant Frank Jacobini. Primary complaints on appeal relate to measure of damages upon which the trial court rendered judgment and the state of the evidence relative thereto.

We affirm.

Owner Zimmerman's pleadings covered complaints that the construction of the buildings was not in accord with plans and specifications, not completed in a good and workmanlike manner, and breach of express and/or implied warranties of fitness, etc.

Owner further alleged that because of the defects and deficiencies in the contractor's construction he would be obliged to incur the amount of $15,000.00 in remedy and correction. Alternatively he alleged that "in the event that any or all of the aforesaid defects, discrepancies, and/or omissions cannot be repaired, restored, or remedied without injury to the structural efficiency of the buildings as a whole, then Plaintiff would allege and show that the structures as completed and delivered to the Plaintiff have a fair market value in Fort Worth, Tarrant County, Texas, as of the date of such delivery, in the amount of $20,000.00 less than the fair market value of said structures . . . had such structures been completed in accordance with said contracts and without the aforesaid defects, discrepancies, and/or omissions, all to Plaintiff's damage in such alternate amounts."

■ Not alleged, but raised by evidence offered without any objection upon trial, were questions of whether to repair would constitute economic waste or would necessitate, in material part, a change in building structure. If the questions amounted to issues, the answers to which were important for purposes of judgment, then they would be, nevertheless, treated as raised by the pleadings without any necessity of amendment, trial having been before the court alone without any jury. Texas Rules of Civil Procedure 67, "Amendments to Conform to Issues Tried Without Objection."

Request was made for Findings of Fact and Conclusions of Law, and such were filed. Factually found was that there was a failure to construct in accord with plans and specifications, or in a good and workmanlike manner; that in consequence there are defects in construction, which defects "cannot be repaired without injury to the structural efficiency of the buildings as a whole." That repairs could not remedy defects without impairing *structural efficiency* was the finding made in Finding of Fact No. 7. Additionally, there was a finding that there was a $12,000.00 differ-

ential constituting diminishment in value of owner's buildings because of contractor's failures in respect to their construction. By conclusion of law it was found that contractor had implied obligation to construct in good and workmanlike manner, and that the proper measure of damages was upon a difference in value and depreciation basis. Accordingly, judgment was rendered in the amount of $12,000.00.

Complaint on appeal, made by contractor, is that the court applied the wrong measure of damages in this case since there was no evidence that the buildings "cannot be repaired without injury to the structural efficiency of the buildings as a whole", and/or that the court's factual finding to that effect (No. 7) was contrary to the greater weight of the evidence.

■ The real question, of course, is the propriety of founding judgment upon a difference in value and not upon a cost of repairs, etc. Difference in value measure is correctly used in instances other than those where repairs cannot be made without injury to structural efficiency. Examples would be where the structure, in whole or in material part, must be changed; where, pursuant to repair, etc., there will be damage or injury to other parts of the building; and where the expense of repair in comparison with the depreciated value shows that repair procedure would constitute economic waste. Hutson v. Chambless, 157 Tex. 193, 300 S. W.2d 943, 945 (Tex.Sup., 1957); Restatement of the Law, Contracts, Sec. 346, "Damages for Breach of A Construction Contract"; McCormick on Damages, Ch. 26, "Construction Contracts", Sec. 168, "Owner Versus Builder—(a) Defective Construction"; 76 A.L.R.2d, p. 805, Annotation: "Cost of correction or completion, or difference in value, as measure of damages for breach of construction contract."

■ While we agree with complainant contractor that there was no evidence to support the No. 7 fact finding that repairs could not be made without injury to the structural efficiency of the buildings as a whole, and/or that such finding was contrary to the great weight and preponderance of the evidence, yet do we believe that we are authorized under the rules of law to affirm the judgment. This is because there was evidence which would have supported a finding of fact that repairs would necessitate a change of structure in material part, to-wit: reconstruction of exterior walls by use of lath as a base for application of stucco as a finish. Also, there was evidence to support a finding of fact that the expense necessary to effect repairs would constitute economic waste, consideration given to the amount of value depreciation in the buildings due to the contractor's fault.

■ Of course, neither of these findings were made by the court; only the finding that repairs could not be made without injury to structural efficiency having been stated. But since there was no complaint by contractor that they were not made, or that they were not by additional findings excluded as a basis for judgment, we may view the case as though it were one wherein they were affirmatively made the premise for the court's use of depreciation in value as the correct basis for the measure of damages applicable and adopted for purpose of judgment. Under such legal hypothesis there was no error in this case.

■ We quote from Collins v. Tucker, 333 S.W.2d 218 (Fort Worth Tex.Civ.App., 1960, no writ hist.), a prior opinion of this court: "Unless the record shows to the contrary, every reasonable presumption will be indulged in favor of the findings and judgment of the trial court and no presumptions will be indulged against the validity of the judgment. 4 Tex.Jur.2d, p. 329, sec. 806. On appeal the court of civil appeals must give effect to the findings as made, *with omitted facts, when supported by the evidence, being supplied by presumptions in support of the trial court's*

*rendition.*" (Emphasis supplied.) See also Kroger Company v. Warren, 420 S.W.2d 218, (Houston (1st) Tex.Civ.App., 1967, no writ hist.); T.R.C.P. 296, "Conclusions of Fact and Law".

Judgment is affirmed.