Roger SAWYER, Appellant,

v.

Jimmy FITTS, Appellee.

No. 18633.

Court of Appeals of Texas, Fort Worth.

March 18, 1982.

Rehearing Denied April 15, 1982.

Fillmore & Associates, and Richard L. Scheer, Fort Worth, for appellant.

Banner, McIntosh & Dobbs, and Jack Banner, Wichita Falls, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

The defendant, Roger Sawyer, appeals from that part of a judgment awarding Jimmy Fitts damages for lost profits sustained by him because of the destruction of his men's clothing store caused by defendant's negligence. Defendant asserts that lost profits is not a proper measure of damages.

Reversed and remanded.

Fitts was a loan officer of a bank in Nocona. He operated a men's clothing store on leased premises near the bank where he worked. Sawyer owned and operated an insurance agency in a building adjoining Fitts' store. The premises were separated by a common wall. In January of 1978, defendant began remodeling his building. There had been some water damage in the foundation area. The buildings were made of brick and mortar. During the remodeling on January 18, 1978, this wall collapsed causing the roof of Fitts' place of business to collapse burying his business with brick, mortar and beams. It also killed two people. The suits involving these deaths were severed from this cause of action after judgment.

Fitts sought damages in three categories: (1) damages for the alleged destruction of furniture, fixtures, equipment and supplies; (2) damage to his merchandise consisting of the cost of removing the rubble, cleaning the usable merchandise and selling it from a building rented in the area; (3) the lost profits which he would, in reasonable probability, have made in 1978, 1979, and 1980 from the operation and ownership of this store. The jury found market value in category 1 was $42,345.66 and the market value thereafter was $21,791.68 and the cost of salvaging, cleaning and selling this merchandise was $7,582.03. The jury found that his lost profits which he had in reasonable probability lost were $28,000.00. Judgment was rendered in accordance with the jury's finding.

Sawyer admits there is no error in the jury's finding of his liability. He paid all damages found by the jury, except the item of lost profits and has limited his appeal to that part of the judgment only.

Sawyer appeals by five points of error challenging the court's submission of Special Issue No. 17 inquiring into the amount of lost profits and the court's rendering of judgment based on the jury's answer to that issue. The crux of Sawyer's contentions is that lost profits is an incorrect measure of damages in this case where the plaintiff seeks damages for the total destruction of his business. Sawyer argues that the correct measure of damages for a completely destroyed business, as for any other completely destroyed property right, should have been the market value of the business, or stated differently, it should have been the difference between the value of the business immediately before its destruction and its value immediately thereafter.

The evidence in this case indicates that the business was completely destroyed and not merely interrupted. By his pleadings Fitts seeks damages "sustained when his business ... was wholly destroyed ...". There is no evidence in the record that Fitts

within a reasonable time resumed his retail business either at its old site or at any other site. In fact, there is no evidence that Fitts ever went back into business. There is evidence that Fitts salvaged what merchandise he could from the rubble of his store and conducted a salvage sale in a building near his destroyed business; however, this does not constitute "going back into business". By conducting the salvage sale, Fitts was performing his duty as a person who has been injured by the actionable conduct of another to mitigate his damages. 17 Tex.Jur.2d *Damages*, sec. 32 (1960). Clearly, in the present case, the total destruction of the business formed the basis of the complaint, and, based on the favorable answers on the liability issues, plaintiff was entitled to recover damages for the total destruction of his business. The question is what is the proper measure of damages in this case.

■ It is well settled that loss of anticipated profits occasioned by the *tortious interruption* of an established business are recoverable as damages. *Community Public Service Co. v. Gray*, 107 S.W.2d 495 (Tex.Civ.App.—El Paso 1937, no writ); *McBrayer v. Teckla, Inc.*, 496 F.2d 122 (5th Cir. 1974). However, we have found no Texas cases on the measure of damages applicable where a business has been destroyed by the tortious acts of another. None have been cited by the parties.

■ In *Waples-Platter Co. v. Commercial Standard Ins. Co.*, 156 Tex. 234, 294 S.W.2d 375 (1956), a building and its contents including fixtures and merchandise were damaged by fire negligently ignited by appellant's employees, and insurers of the building paid off the owner under the terms of the insurance contracts and sought damages from the tortfeasors under their right of subrogation. The Supreme Court stated that the measure of damages is the "reasonable cash market values of the property at the time it was destroyed by the fire, or if not totally destroyed, the difference between the reasonable cash market values of the property immediately before and immediately after it was damaged." Although

the *Waples-Platter* case did not involve the destruction of an ongoing business, it would seem that the same rule would be applicable where an ongoing business is destroyed. In essence, a business is nothing more than a group of personal property rights in its owner or owners.

Courts in other jurisdictions have dealt with this issue. In *Aetna Life & Casualty Co. v. Little*, 384 So.2d 213, 216 (Fla.App. 1980), the court held:

"[T]he compensatory award of $386,000 must be reduced by the amount allocated to loss of profits. Testimony placed the market value of the business destroyed at $250,193 and loss of profits up to trial time of $134,530. The jury verdict appears to be fairly close to an addition of the two, however, we cannot be absolutely sure. Lost profits and loss of use may be a proper item of damages if the property or business is not completely destroyed. (citations omitted) However, where the property or business is totally destroyed we hold the proper total measure of damages to be the market value on the date of the loss."

In *Taylor v. B. Heller and Co.*, 364 F.2d 608, 612 (6th Cir. 1966), the court stated:

"The law of Ohio, which governs in this diversity action, recognizes the action for damages for destruction of a business as measured by the difference between the value of the business before and after the injury or destruction." (Citations omitted.)

The rule is stated as follows in 25 C.J.S. *Damages*, sec. 44 (1966):

"Where loss of anticipated profits results from injury to personal property, recovery is limited to the period of time reasonably necessary to restore the property to its condition immediately prior to the injury. Where there has been an *entire loss* of the property involved in the action, the full value of the property is the measure of damages, and there can be no recovery for anticipated profits."

We hold that, under the facts in the present case, the proper measure of dam-

ages for destruction of a business is measured by the difference between the value of the business before and after the injury or destruction.

Four special issues on damages were submitted to the jury. Special Issues Nos. 14 and 15 inquired as to the market value of the "merchandise, furniture, fixtures, supplies and equipment" of plaintiff immediately before and immediately after the incident. Special Issue No. 16 inquired as to the cost of salvage of the merchandise. Fitts was allowed the difference between the amount found in answer to Special Issue No. 14 and that found in answer to Special Issue No. 15, plus the amount found in answer to Special Issue No. 16, which amount has been paid to Fitts. Sawyer does not now object to these issues nor of the amounts awarded as a result of the jury's answer to these issues.

In Special Issue No. 17, the jury was asked to find the value of the "lost profits" which in reasonable probability Fitts sustained as a result of the incident. This issue was submitted by Fitts and was objected to by Sawyer on the ground that it was an improper measure of damages, which objection was overruled. The only evidence as to lost profits was Fitts' own testimony that in his opinion he would have realized $27,000 to $29,000 in net profits during 1978, 1979, and 1980, the three-year period between the collapse of the wall and the time of trial. The jury found that Fitts had sustained lost profits in the amount of $28,000.

Fitts did not request an issue inquiring as to the market value of the entire business at the time of its destruction, nor did he request issues inquiring as to the market value of the business immediately before and immediately after the destruction. There is no evidence in the record as to the market value of Fitts' business.

We find that Fitts was not entitled to a special issue on lost profits, and, even if he were entitled to such a special issue, we can find no legal basis which would entitle Fitts to recover lost profits for the three-year period following the destruction of his business, such time being too remote. See *McBrayer v. Teckla, Inc.*, 496 F.2d 122 (5th Cir. 1974). In the present case, profits, if any, are relevant, not as a measure of damages, but merely as one factor to be considered in determining the market value of the business.

Under the pleadings in this case, the correct measure of damages is the difference between the cash market value of the business before and after the injury. Clearly, the trial court's judgment was based upon an incorrect measure of damages. For this reason, we cannot simply reverse and render the case as requested by Sawyer. We must instead reverse and remand the case to the trial court for a new trial on the issue of damages only. See *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943 (1957).

■ It is well settled that damages must be measured by a legal standard which serves to guide the fact finder in determining what sum will compensate the injured party and that the measure of damages in a given case is a question of law and should be given in the charge to the jury. *Mangham v. Hall*, 564 S.W.2d 465 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n.r.e.); *McMahan v. Musgrave*, 229 S.W.2d 894 (Tex.Civ.App.—Eastland 1950 writ dism'd).

■ While the form for submission of a particular special issue is left to the sound discretion of the court according to the requirements of each party, the submission must be sufficient to enable the jury to make an award of damages on proper grounds and correct principles of law. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87 (Tex.1973), 17 Tex.Jur.2d, *Damages*, sec. 315 (1960).

■ A submission is fatally defective if it fails to guide the jury to a finding on any proper legal measure of damages. In the present case, the submission of damages issues was not based upon a correct measure of damages and, as a consequence, is fatally defective. *Jackson v. Fontaine's Clinics, Inc., supra* at 90.

Sawyer's first point is sustained.

Judgment is reversed in part and remanded to the trial court for a proper trial and determination of the issues of the reasonable cash market value of Fitts' business immediately before and after the wall collapsed. In submitting these issues, the court should provide guidance to the jury as to what factors it may consider in arriving at its values.

Sawyer will be entitled to credit for the amount of the judgment he has already paid.

In view of our holding, we find it unnecessary to address Sawyer's other points; however, in the event we err, we overrule Sawyer's no evidence point and sustain his insufficient evidence point.

Reversed and remanded on the issue of damages only.