SIMONS LAND COMPANY, Appellant,

v.

H. Leo FINCHER, Appellee.

No. 5081.

Court of Civil Appeals of Texas, Waco.

Dec. 2, 1971.

---

1. See: 7 Am.Jur.2d p. 431; 4 ALR 3d 1–133, which reflect conflicting lines of authority on this question.

Hunter Greenfield & Allen, Nathan Allen, Jr., Dallas, for appellant.

Turner, Rodgers, Winn, Scurlock & Sailers, Jerry Jordon, Dallas, for appellee.

HALL, Justice.

On January 29, 1970, the appellant, Simons Land Company, and the appellee, H. Leo Fincher, executed a contract of sale whereby the appellant agreed to sell Fincher a lot located in Dallas, Texas, for the price of $8,250. Fincher builds and sells houses. He had previously purchased lots from appellant.

Fincher made a cash payment of $500 when the contract was executed, and agreed to pay the balance of the purchase price at the time of closing. The contract provided that it "must be closed within 60 days." However, in oral argument before this court counsel for the parties agreed, and the record shows, that the parties waived compliance with the 60-day closing provision.

Fincher brought this action seeking damages for an alleged breach of the contract by appellant. Jury trial resulted in a judgment on the verdict awarding Fincher $1,600 stipulated damages. We affirm.

Fincher testified that the first time after the execution of the contract that he was contacted by anyone associated with appellant regarding the closing of the contract was on Friday, May 1, 1970; that on that date, H. P. Smith, appellant's agent, called him on the telephone and stated that appellant had to have the money for the lot; that Fincher agreed to pay right away and exacted a promise from Smith that the lot would not be sold to any other person; that Fincher withdrew the balance of the purchase price from his savings account on that day at about 4:00 o'clock p. m.; that appellant is closed on Saturdays and Sundays; that he attempted, unsuccessfully, to locate Smith on Monday, May 4th, so that he could close the deal; that when he finally located Smith on Tuesday, May 5th, he learned that Smith had sold the lot earlier that day to another builder for $9,350.

Smith testified that he did not see Fincher from the time of the execution of the contract until "some five days" after he sold the lot on May 5th, and that it was then that Fincher stated he was ready to close the deal. Smith stated that it was in April that he notified Fincher, by telephone, to close the contract; that he told Fincher "that we had carried him long enough and that if he did not come in and tell me what he was going to do, we were going to sell the lot if he didn't close it out"; that Fincher's response was "the same thing he said on many occasions, 'I will be in the next day,' but that next day never came." Smith's testimony varied as to the date in April that he called Fincher: "from the middle—around the middle of the month"; "sometime in April, the latter

part of April"; "somewhere in April"; "probably toward the middle of April."

Three special issues were submitted to the jury. All were answered favorably to Fincher. They were:

"Special Issue No. 1:

Find from a preponderance of the evidence the date H. P. Smith notified H. Leo Fincher to complete the sale in question.

Answer by giving month, day, year.

Answer: May 1, 1970."

"Special Issue No. 2:

Do you find from a preponderance of the evidence that after H. P. Smith notified H. Leo Fincher to complete said sale that Simons Land Company failed to give Fincher a reasonable time after said notice to pay the balance of the purchase price on the lot in question?

Answer 'We do' or 'We do not.'

Answer: We do."

(A definition of "a reasonable time" followed).

"Special Issue No. 3:

Do you find from a preponderance of the evidence that H. Leo Fincher was at all times after January 29, 1970, upon request, ready, willing and able to pay the balance of the purchase price for the lot in question?

Answer 'We do' or 'We do not.'

Answer: We do."

In its first point of error, appellant complains that special issue no. 1 constituted a comment on the weight of the evidence and "gave unnecessary prominence to the testimony of the appellee." The argument is made that because Fincher testified that the conversation between him and Smith occurred on a "specific month, day and year," and because Smith testified that the conversation occurred "in April, 1970," but without specifying a day in the month, and because the court asked for a "month, day, year" answer to special issue no. 1, "the jury could not answer the special issue as it was submitted any other way than as it was answered."

■ Appellant's objection to special issue no. 1 was that "the words 'as to the date H. P. Smith notified H. Leo Fincher' is a comment on the evidence." It was in appellant's motion for new trial that, for the first time, the contention was raised that it now argues under its first point of error. Rule 274, Texas Rules of Civil Procedure, requires that an objection to a charge must point out distinctly the matter about which complaint is made and the grounds of the objection. Under the provisions of Rules 272 and 274, a party's failure to specifically raise an objection before the charge is given to the jury results in a waiver of that objection. Gale v. Spriggs, (Tex.Civ.App.—Waco, 1961, writ ref., n. r. e.) 346 S.W.2d 620, 626.

■ In any event, the normal method of stating a date is by month, day and year. The jury was asked to find when an event took place "by giving month, day, year." We do not believe the instruction is so unusual that it gave undue prominence to Fincher's testimony.

Appellant's first point is overruled.

■ Appellant asserts in its second point of error that special issue no. 2 improperly placed the burden of proof on appellant to prove that it allowed Fincher a reasonable time after notice in which to close the deal. We disagree. The issue specifically asked, "Do you find from a preponderance of the evidence that * * * Simons Land Company *failed* to give Fincher a reasonable time * * *." If the issue had inquired whether the jury found from a preponderance of the evidence that appellant *gave* Fincher a reasonable time, then appellant's complaint would be valid.

We overrule appellant's second point of error.

Rule 324, Texas Rules of Civil Procedure, provides that, with certain exceptions set forth in the rule, a motion for new trial shall be filed as a prerequisite to an appeal from a jury case tried in the county or district court. Rule 374 provides that "A ground of error not distinctly set forth in the *motion for new trial*, in cases where a motion for new trial is required shall be considered as waived."

Appellant's third and final point of error is not based upon an assignment in the motion for new trial; and the matter complained of in the point does not fall within the exceptions mentioned in Rule 324. The complaint is therefore waived.

The judgment is affirmed.