**J. C. VOLKMAN, Appellant,**

v.

**James Lee EAKMAN et ux., Appellees.**

**No. 17412.**

Court of Civil Appeals of Texas, Fort Worth.

June 8, 1973.

Rehearing Denied July 6, 1973.

**754**

Jack Connell, Bowie, for appellant.

Dawson Bryant, Arlington, for appellees.

## OPINION

BREWSTER, Justice.

The plaintiff, J. C. Volkman (contractor) sued the defendants, James L. Eakman and wife, Jannette Eakman (owners) for damages for an alleged breach of a mechanic's lien contract, attorney's fees, foreclosure of the mechanic's lien, punitive damages, and, in the alternative, on quantum meruit for damages.

The Eakmans filed an answer and a cross-action seeking to cancel the lien involved and to recover damages from Volkman for an alleged breach of the mechanic's lien contract in failing to build the house involved in a good and workmanlike manner.

The trial was before a jury which returned a verdict for the Eakmans. On receipt of this verdict the trial court rendered judgment that plaintiff, Volkman, take nothing by his suit and that the Eakmans recover $300.00 on their cross-action from Volkman. The judgment also canceled the mechanic's lien involved and removed it as a cloud on the title to the Eakman land. All other relief sought by either party was denied. The plaintiff has appealed from the judgment and the Eakmans urge cross-points contending that the court erred in only awarding them a judgment for $300.00 against the plaintiff on their cross-action instead of a larger sum.

The undisputed evidence shows that Volkman and the Eakmans entered into a mechanic's lien contract wherein Volkman agreed to build a three bedroom brick veneer dwelling on six acres of land owned by the Eakmans. It was agreed that the house would be built in a good and workmanlike manner in accordance with the plans and specifications agreed on by the parties. For this Volkman was to be paid $24,950.00. Liens were given to secure the payment of a note to Volkman in this amount.

The following facts are also undisputed: Volkman's men began construction of the foundation of the house; they set the forms for the foundation and poured the concrete for the piers and beams; when they finished the first day of work on this foundation the Eakmans saw the foundation as it had been constructed to that point and became very alarmed about it; and they inquired of Volkman as to what else he planned to do to the foundation before it would be finished and Volkman, in substance, advised that it would be prettied up by grouting it; and it was undisputed that the grouting would, to some extent, help the appearance of the foundation but would not add to its strength. The Eakmans then advised Volkman, in substance, that if adding grout to the foundation was all he planned to do to remedy what they deemed to be many defects that he should take his belongings and get off of the property. Volkman, at the insistence of the Eakmans, did thereafter quit the job and he then filed this suit.

Plaintiff's first three points are argued together. They are in substance that the court erred: (1) in failing to render judgment for plaintiff notwithstanding the verdict because it is undisputed that defendants kept plaintiff from substantially performing the contract; (2) in failing to disregard the jury's answer to Issue No. 2 finding that Volkman was not prevented from substantial performance of the contract by defendants' conduct because defendants admitted they ran plaintiff off

the job thus preventing him from substantially performing; and (3) in failing to disregard this same jury finding, because since defendants admitted that they ran plaintiff off the job, there is no evidence to support the jury's answer to Issue No. 2.

We overrule plaintiff's first three points of error.

Issue No. 1 inquired: "Do you find from a preponderance of the evidence that there was substantial performance by J. C. Volkman of the contract, as evidenced by the plans and specifications, in the partial construction of the foundation in question?" The jury answered: "There was not."

Issue No. 2 was submitted conditionally on a "There was not" answer to Issue No. 1 and it inquired: "Do you find from a preponderance of the evidence that J. C. Volkman was prevented from the substantial performance, . . . by the acts and conduct of the defendants?" The jury answered: "He was not."

The court's charge defined "substantial performance" as meaning "there has been no wilful departure from the terms of the agreement, and no omission in essential points, and that the agreement has been honestly and faithfully performed in its material and substantial parts, and the only variance from a strict and literal performance consists of technical or unimportant details, and that the omissions and defects could have been remedied without impairing the use for which the foundation was intended."

The record reveals that Issues Nos. 1 and 2 and the definition of substantial performance were placed in the charge at plaintiff's request.

There is much evidence in the record that supports the jury's finding that plaintiff Volkman did not substantially perform the contract in his partial construction of the foundation in question.

Some of the strongest of such evidence are the pictures of this foundation introduced by defendants showing how it looked at the time the work was stopped.

Plaintiff and his employees admitted that they planned to do nothing further to the foundation except to grout it and the evidence showed that this would only aid the looks some and would add nothing to the strength of the foundation.

The undisputed evidence showed that the Eakmans in no way interfered with the work done by Volkman in the partial construction of the foundation that is inquired about in Issue No. 1. It was not until that work was completed that the Eakmans became alarmed and intervened. The jury's answer to Issue No. 1 thus established that prior to the time the Eakmans intervened to prevent further performance of the contract by Volkman, Volkman had already breached the contract by not substantially performing it in the partial construction of the foundation that he did build.

Plaintiff's first three points of error are based on the erroneous assumption that the undisputed evidence shows that the Eakmans prevented him from substantially performing the building of the part of the foundation that Volkman did build.

This assumption is wrong and it is contrary to the jury's finding in answer to Issue No. 2, which finding has strong support in the evidence.

From what we have said, it follows that plaintiff's contention, made in his first three points, that it was the conduct of the Eakmans that prevented Volkman from substantially performing the contract, is without merit and that those three points should be overruled.

Plaintiff's point of error No. 4 is that the Court erred in failing to consider the sums spent by plaintiff for labor and materials in the construction of items about which the Eakmans had no complaint.

We overrule this point.

■■ The burden was on the plaintiff to prove and to obtain proper jury findings establishing the facts necessary to entitle him to recover for such items. The record does not show that plaintiff requested that the court submit any issues to the jury presenting this feature of the case. Volkman was the plaintiff, an interested party, and his testimony about this part of the case, even if undisputed, only created fact issues. The need for jury findings on these matters is made obvious when one considers plaintiff's testimony that he had $3,589.16 in the project in labor and materials when he had only partially completed the foundation. As against that testimony the witness Cortez, a contractor, testified that it would cost about $1,200.00 to build a foundation such as that involved here.

When plaintiff failed to request that the court submit issues on this feature of the case to the jury, he waived it.

■ In point of error No. 5 plaintiff contends that the court erred in canceling, setting aside, and holding for naught the mechanic's lien and deed of trust lien.

We overrule the point of error.

This point is also based on plaintiff's assumption, which we consider to be an erroneous one, that the evidence established as a matter of law that plaintiff was prevented from substantially performing the contract by the wrongful intervention of the Eakmans.

The liens were given as security for the obligations that they purported to secure. When the court rendered judgment decreeing that plaintiff was not entitled to recover any part of the obligations, the payment of which they were given to secure, he also properly rendered judgment canceling and setting aside the liens and removing them as a cloud on the title to the Eakman property.

■ In point of error No. 10 plaintiff contends that the court abused its discre-

tion in failing to declare a mistrial because of jury misconduct because the overwhelming weight of the evidence supports a finding of misconduct.

We overrule this point.

The evidence was conflicting as to whether any misconduct even occurred. The trial court had an opportunity to view these witnesses as they testified and he was in a better position than we are from simply reading the statement of facts to determine the weight to be given their testimony. We hold that he did not abuse his discretion in not granting a new trial as is contended in this point.

■ Issue No. 4 inquired: "From a preponderance of the evidence, what sum of money, if any, do you find that James Lee Eakman and Jannette Elizabeth Eakman will reasonably and necessarily expend to remove the concrete poured by J. C. Volkman from the premises in question?" The jury answered: "$300.00."

This issue and answer was the basis of the $300.00 recovery awarded the Eakmans against Volkman in the judgment appealed from.

In plaintiff's point of error No. 8 he contends that the court erred in rendering judgment based on this answer because there was no jury finding that it was necessary to remove the foundation from the lot.

The evidence on this omitted issue was in dispute.

The charge contained no issue inquiring as to the necessity of removing the foundation. Volkman did not object to the charge because it omitted the issue.

We are required to and do overrule plaintiff's point of error No. 8 because, under the record made in this case, if any issue inquiring as to the necessity of removing the foundation was essential to defendants' ground of recovery, it is deemed, un-

der Rule 279, Texas Rules of Civil Procedure, to have been found by the trial court in support of the judgment awarding the $300.00.

Rule 279 provides in substance that where a ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, then such omitted issues shall be deemed as found by the court in such manner as to support the judgment.

█ Plaintiff's point of error No. 9 is that the court erred in submitting Issue No. 4 because such issue is a comment on the weight of the evidence. We overrule the point.

Rule 272, T.R.C.P., relates to objections to the charge and in referring to such objections the rule is in part as follows: ". . . which objections shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

In this case plaintiff did not object to the court's charge on the grounds that Issue No. 4 was a comment on the weight of the evidence. He raised the matter for the first time on motion for new trial. He therefore waived the objection. Rule 272, T.R.C.P.; Wilson v. King, 311 S.W.2d 957 (Austin Tex.Civ.App., 1958, writ ref.); Pargas of Canton, Inc. v. Clower, 434 S.W.2d 192 (Tyler Tex.Civ.App., 1968, no writ hist.); Whitfield v. Shames, 484 S.W.2d 615 (Amarillo Tex.Civ.App., 1972, ref., n. r. e.); and Simons Land Company v. Fincher, 474 S.W.2d 503 (Waco Tex.Civ.App., 1971, no writ hist.) which is a case almost on all fours with this one, and the ruling there is the same as we make here.

█ In plaintiff's points of error Nos. 6 and 7 he complains of the court's action in rendering judgment against him for the $300.00 as found by the jury in answer to Issue No. 4. He contends that the cost of removing the foundation from the Eakman lot, as inquired about in Issue No. 4, is not the proper measure of damages.

The Eakmans urge on this appeal two cross-points that deal with the same subject matter as plaintiff's points of error Nos. 6 and 7, so we will discuss them together.

The Eakman cross-point No. 1 is that the trial court erred in refusing defendants' motion for judgment on the verdict based on the jury's answer to Special Issue No. 3.

The Eakman cross-point No. 2 is that the court erred in disregarding the jury's answer to Issue No. 3, and in refusing to award them the damages that the jury in such issue found that the Eakmans sustained by reason of Volkman's breach of the contract.

We sustain the two cross-points.

In support of his sixth and seventh points of error, plaintiff relies on the case of Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943 (1957). In that case the contractor had partly built the house, but the work done was not in substantial performance of the contract. The owner sued him for damages and the court held that the general rule is that where there has not been substantial performance and where the contractor only partly builds the building the measure of the owner's damage is the difference between the value of the building as constructed and its value had it been constructed in accordance with the contract.

We are convinced that this general rule was not applicable in this case.

The reason it does not apply is because the mechanic's lien signed by Volkman and the Eakmans contained the following provision whereby the parties agreed on the

measure of damages to be applied in the event of a breach by either of them:

". . . It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

Many courts have held that this is a valid contractual provision. By it the parties here have themselves agreed as to what the measure of damages would be if either one of them later breached the contract. They had a right to make such an agreement. Under the quoted provision of the contract, if the contractor breached the contract, the owner can recover from the contractor the amount that it would reasonably and necessarily cost him to complete the house according to the plans and specifications. In support of what we have said see: Tucker v. Northcutt, 248 S.W.2d 750 (Waco Tex. Civ.App., 1952, no writ hist.); Harrop v. National Loan & Inv. Co., 204 S.W. 878 (Fort Worth Tex.Civ.App., 1918, writ ref.); and Magee v. I. & G. N. Wood & Coal Co., 269 S.W.2d 498 (San Antonio Tex.Civ.App., 1954, ref., n. r. e.).

In this case the court submitted Special Issue No. 3 to the jury as follows: "From a preponderance of the evidence, what sum of money, if any, do you find that James Lee Eakman and Janette Elizabeth Eakman will reasonably and necessarily expend in order to complete the house in question in accordance with the plans and specifications agreed upon between the parties?" The jury's answer was: "$28,700.00." This answer was supported by the testimony of a contractor named John Cortez.

It was undisputed that the contract price agreed on by the parties for building the house was $24,950.00.

We hold that because of the clause above referred to Issue No. 3 submitted to the jury the correct measure of damages and the trial court therefore erred in disregarding the jury's answer to Issue No. 3 in rendering the judgment.

The difference between what it will reasonably and necessarily cost the Eakmans to build the house, under the jury's findings, and the contract price is $3,750.00, and the Eakmans were entitled to a judgment against Volkman for that sum instead of for the $300.00 that they were awarded.

We are not aware of any rule that would limit the landowners to a recovery of the cost of removing the foundation from the lot in the event of a breach of the contract by the contractor.

We recognize that if the foundation is not usable that one item for the jury to consider in answering Issue No. 3, as it was worded, is the cost of getting the foundation off the lot and out of the way so the house can be built in the manner agreed on by the parties. Issue No. 3 is worded in language broad enough to permit the jury to consider such item in arriving at an answer to that issue.

The $300.00 should not therefore be added to the $3,750.00 in rendering judgment because, if that was done, there would be a possibility of awarding the Eakmans a double recovery of the $300.00 item.

We are convinced and hold that no reversible error is shown in plaintiff's 6th and 7th points of error.

We hereby reform that part of the trial court's judgment that only renders judgment in favor of the Eakmans and against Volkman for the sum of $300.00 and, in lieu of that provision, we hereby render judgment in favor of the Eakmans and against Volkman for $3,750.00. With the judgment reformed in the respect indicated we hereby affirm the trial court's judgment.

Costs are taxed against Mr. Volkman.