**PRECISION HOMES, INC., Appellant and Cross-Appellees,**

v.

**Gary McArthur COOPER and Jo Alma Cooper, Appellees and Cross-Appellants.**

**No. A14–83–412CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

Rehearing Denied May 10, 1984.

Ben Blum, Bailey-Blum & Lipper, Houston, for appellant.

Gerald H. Buttrill, Aldrich, Buttrill & Kuhn, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellees, Gary Cooper and Jo Cooper, brought this suit against appellant, Precision Homes, Inc., under the 1973 Deceptive Trade Practices Act for breach of warranty (i.e. the failure to construct the foundation of their home in a good, substantial and workmanlike manner). The trial court awarded appellees judgment on the verdict of the jury for $37,850 ($10,000 of actual damages which were trebled and $7,850 as attorney's fees). The trial court denied appellees' demand for prejudgment interest.

This appeal and cross-appeal raise issues concerning: 1) the measure of damages for breach of warranty under a construction

contract and 2) equitable prejudgment interest. We reverse the portion of the trial court's judgment which denies prejudgment interest and render judgment for prejudgment interest in favor of appellees. We affirm the remainder of the trial court's judgment.

Appellant contends in its first three points of error that the trial court submitted the wrong measure of damages to the jury. The measure of damages submitted was the difference in the reasonable market values on February 12, 1974, as it was built and its value had it been built in a good, substantial and workmanlike manner. The jury found the difference to be $10,000. Appellant argues that the correct measure of damages in breach of construction contract cases is the cost of repair, if such repairs do not affect or impair the structure as a whole. Therefore the difference in market values is the appropriate measure of damages only if there is a preliminary finding that the house could not be repaired without impairing the structure as a whole. *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Comm'n App.1925, holding approved). Thus, appellant asserts that the trial court erred in refusing to submit its issue which asks whether the defects, if any, can be repaired without impairing the building as a whole.

■ Which measure of damages should be applied in construction contracts depends on whether the contractor has substantially complied with the contract. The remedial measure applies when the contractor has substantially complied with the contract. The difference-in-value measure applies when the contractor has not substantially complied with the contract. *Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex.1982). The test for substantial compliance is set forth in *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943, 945 (1957). The court quoted with approval the following language from *White v. Mitchell*, 123 Wash. 630, 213 P. 10 (1923):

Where it is necessary, in order to make the building comply with the contract, that the structure, in whole or in material part, must be changed, or there will be damage to parts of the building, or the expense of such repair will be great, then it cannot be said that there has been a substantial performance of the contract. Generally, where there has not been such substantial performance, the measure of the owner's damage is the difference between the value of the building as constructed and its value had it been constructed in accordance with the contract. Such a recovery would be just to both parties. It is manifest that to measure the owner's damage by the cost necessary to make the building conform to the contract would often be an injustice, because in many instances such cost would amount to almost as much as the original contract price.

See *Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d at 164.

■ When there is conflicting evidence on the issue of whether the contractor substantially complied with the contract, the trial court should submit this issue to the jury. However, when all the evidence indicates either that the contractor did substantially comply or that the contractor did not substantially comply, the trial court should not submit this issue; it should only submit the measure of damages appropriate to the evidence on the issue of substantial compliance. See *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943 (1957).

■ In this case we find ample evidence that the contractor did not substantially comply with the contract. Appellees' witness testified that repair of the foundation would be extensive and costly with the risk that the repairs could cause damage to the structure of the house. He also stated that there was no guarantee that the repairs would succeed. Two witnesses concluded that it would be more practical and less expensive to sell the house at a loss rather than to assume the risk of attempt-

928

ing repair. The only evidence which indicates substantial compliance is the testimony of the contractor that if the foundation was defective, it had already been fixed. The contractor never testified as to the cost or practicality of repairs. He simply denied that any were needed. The thrust of this testimony was that there was no unrepaired defect. In view of the jury's finding that the foundation was defective and the evidence of the appellant's failure to substantially comply, we hold that there did not exist a fact issue on substantial compliance and that trial court correctly refused submission of this issue. The trial court correctly submitted difference in market values as the measure of damages. Appellant's first three points of error are overruled.

Appellant contends in points of error three, four and five that the judgment of the trial court is erroneous because it awarded damages for loss of market value of the lot as well as for the house. Appellant asserts that because purchasers of real property were not covered by the Texas Deceptive Trade Practices Act at the time this cause of action accrued, appellant is not entitled to recover damages for the loss in market value of the lot.

■ We disagree. The Deceptive Trade Practices Act prior to its amendment in 1975 limited its relief to purchasers or lessees of goods or services. TEX.BUS. & COM. CODE ANN. § 17.46. A purchaser of a service was allowed to maintain an action for breach of the express or implied warranty pertaining to the service. TEX. BUS. & COM.CODE ANN. § 17.50. The Act did not limit the recovery to only those damages which resulted to the purchased good or service. The consumer was allowed to recover all actual damages factually caused by the conduct which was in violation of the Act. *Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455, 460 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Appellees purchased services for the construction of a house from appellant. Appellees were therefore consumers under the pre-1975 Act and were entitled to sue under the Act for the breach of the warranty to build the house in a good, substantial and workmanlike manner. We recognize that when a house is built on a lot it becomes part of the realty. And that if part of the house is built in an unworkmanlike manner, this will impact the value of both the house and the lot. Because appellees established a breach of the warranty covering the purchased services (i.e. the construction of the house) they are entitled to recover all damages flowing from the breach; this includes the loss in value caused to both the house and the lot. Although the pre-1975 Act limited the type of consumer who could obtain relief under the Act, it did not limit the scope of damages which could be recovered.

Appellant's points of error three, four, and five are overruled.

Appellant contends in its seventh and eighth points of error that the trial court erred in the form of submission of special issue number one because such issue expresses a warranty different from the warranty which existed between the parties. Special Issue No. 1 asked:

"Do you find from a preponderance of the evidence that Defendant failed to construct the foundation of the home in question in a good, substantial and workmanlike manner?"

The jury answered: "We do."

The express warranty contained in the contract between the parties states that the "residence" will be built in a good, substantial and workmanlike manner.

■ Appellant objects to the issue as submitted because it asked whether the foundation instead of the home was built in a good, substantial and workmanlike manner. Appellant argues that the effect of the issue in this form is to place undue emphasis on one aspect of the home and precluded the jury from considering the condition of the entire home in determining

whether the expressed and implied warranties had been breached.

As the warranty between the parties covered all the parts of the home, including the foundation, the jury's finding that appellant failed to construct the foundation of the home in a workmanlike manner, is a finding that appellant breached the warranty. A defective foundation impairs the structure as a whole. Because a finding that appellant failed to construct the foundation in a workmanlike manner necessarily establishes a breach of warranty, we hold that special issue number one was correctly submitted.

Appellant's seventh and eighth points of error are overruled.

■ Appellant contends in its ninth point of error that the evidence is insufficient to support the jury's finding that the foundation of the house was not built in a good, substantial and workmanlike manner. In considering a factual sufficiency of the evidence point of error, we consider and weigh all the evidence in the case and set aside the verdict and remand the cause for new trial if we conclude that the evidence is too weak to support the finding or that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952); *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980).

A review of the evidence reveals the following. Mr. George Marcom, a registered professional architectural engineer examined the foundation and grade beam and concluded that it was not built in a good, professional and workmanlike manner. Mr. George Wyche, a licensed real estate broker and appraiser, who had work experience with HUD, the Veteran's Administration and the city of Houston testified that he examined the house and discovered a slab problem and concluded that the house was not built in a good workmanlike manner. The contrary evidence consists of the testimony of Henry Wieghat who is an experienced home builder and the contractor who built the house. He testified that the house was built in a good and workmanlike manner and that any cracks in the grade beam had been fixed.

■ The testimony of Mr. Marcom and Mr. Wyche supplied the jury with sufficient evidence to find that the foundation was not built in a workmanlike manner. The jury was confronted with conflicting testimony. This Court cannot pass on the credibility of the witnesses nor substitute its finding for those of the jury, even though after reviewing the evidence we might have reached a different conclusion. *Burchfield v. Tanner,* 142 Tex. 404, 178 S.W.2d 681 (1944). It is sole province of the trier of fact to judge the credibility and weight to be given the testimony and to resolve conflicts in the testimony of the witnesses. *Williams v. Lemens,* 609 S.W.2d 596 (Tex.Civ.App.—Austin 1980, no writ). We cannot say that the trial court's finding that the foundation was not built in a workmanlike manner is so against the great weight and preponderance of the evidence as to be manifestly unjust. Point of error number nine is overruled.

Appellant contends in its tenth and eleventh points of error that there is no evidence to support the jury's finding that the difference in market values on February 12, 1974 of the house as it was built and its value had it been built in a workmanlike manner was $10,000 or in the alternative, that this finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ A review of the evidence shows that the jury's finding is supported by the testimony of Mr. George Wyche. He testified that the reasonable market value of the house in 1974 would have been $30,000 if it had been constructed without any defects. To sell the house with the defective foundation, Mr. Wyche stated that the owners would have to discount the value of the house from twenty-five to thirty-five per-

cent. The jury's finding of a difference in market values of $10,000, or about 33 percent, came within this range.

The evidence which appellant argues is contrary to this finding is as follows. Appellees expended $520 on repairs in 1977 and have not made any repairs since that time. At the time of trial the foundation of the house had not cracked. With the exception of minor cracks on the exterior, there wasn't any cracking of the brick or masonry work. There were no cracks in the sheetrock of the interior, with exception of two separations. Nothing in the house was out of plumb. Essentially, the evidence regarding the condition of the house at the time of trial indicated that the damages from the defective foundation experienced by appellees had been insubstantial.

The fact that the damages which had occurred by the time of trial were insubstantial does not negate the finding that the defective foundation diminished the market value of the house by $10,000. The diminished market value found by the jury was properly based upon the fact that the defective construction of the foundation greatly increased risk of problems; it was not based on the problems which had developed by the time of trial. Mr. Marcom testified that the defects in the foundation and grade beam had the potential to cause serious problems. We do not interpret this evidence as contrary to Mr. Wyche's testimony of the difference in market values. We hold that the evidence is sufficient to support the jury's finding that the difference in market values is $10,000 on February 12, 1974.

Points of error ten and eleven are overruled.

■ Appellant contends in its twelfth point of error that the trial court erred in awarding appellees attorney's fees, because appellees have failed to prove a cause of action under the Deceptive Trade Practices Act. Since we have held that

appellees have established a breach of express and implied warranty action under the Act, point of error number twelve is overruled.

Appellees contend in their first cross-point that the trial court erred in denying them recovery of prejudgment interest. The Supreme Court has stated that "where damages are established as of a definite time and the amount thereof is definitely determinable, interest is recoverable as a matter of right from the date of the injury or loss." *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 95–96 (Tex.1976). This court held that damages are "definitely determinable" if they are readily ascertainable from then prevailing market values. *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455, 462 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ The damages resulting from the construction of the foundation in an unworkmanlike manner were fixed on the completion of the house on February 12, 1974. The amount of damages was determinable from the market values prevailing in 1974. We therefore hold that appellees are entitled to prejudgment interest as a matter of right.

Appellant contends that the trial court correctly denied prejudgment interest, because it asserts that the damages were not definitely determinable at the time the damages were incurred, because the measure of damages (either cost of repairs or difference in market values) was uncertain at that time. We disagree. The evidence indicates that appellant failed to substantially comply with the contract. In this situation, it is clear that the measure of damages is the difference in market values.

Appellee's first cross-point is sustained.

■ Appellees contend in their second cross-point that if this court determines that they are entitled to prejudgment interest, it should treble the interest under the

1973 Deceptive Trade Practices Act. We overrule this point on the basis of our holding in *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d at 463, that prejudgment interest is not part of the damages resulting from the breach of the Deceptive Trade Practices Act and is therefore not to be trebled. We recognize that the court in *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Company, Inc.*, 602 S.W.2d 282, 298 (Tex.Civ.App.—Dallas 1980, no writ), has taken the opposite position on this issue. However, we choose to adhere to our position in *Rotello*.

We reverse the portion of the trial court's judgment which denies all other claims and render judgment that appellees are entitled to receive prejudgment interest at the rate of six percent (6%) on the amount of actual damages, ($10,000), from February 12, 1974 to April 26, 1983, the date the trial court's judgment was signed. The remainder of the trial court's judgment is affirmed.