Graciano M. LEAL, Appellant,

v.

UNITED STATES FIRE INSURANCE COMPANY, Appellee.

No. 14125.

Court of Appeals of Texas, Austin.

Oct. 10, 1984.

Rehearing Denied Jan. 9, 1985.

Mickey J. Blanks, Temple, for appellant.

Noley R. Bice, Jr., Waco, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

Appellant Leal brought suit to recover workers' compensation benefits resulting from an injury sustained in a fall from a roof, at a time when he was assisting other workmen in his sole proprietorship, a carpentry enterprise. The parties stipulated the injury arose in the course and scope of appellant's business. The extent and duration of his injuries were submitted to the jury, which found that appellant had total and permanent loss of use of his left foot and almost ten years of temporary total loss of use to the right foot, with fifty percent permanent loss of use thereafter. The trial court, however, held that appel-

lant was not covered under the workers' compensation insurance policy because he was the sole proprietor of the business, and not an employee; accordingly, the trial court entered a take-nothing judgment against the claimant. We will affirm the judgment.

■ Under the Texas Workers' Compensation Act (Tex.Rev.Civ.Stat. art. 8306, *et seq.*), unless coverage is otherwise afforded under Tex.Rev.Civ.Stat.Ann. art. 8309, § 1a (Supp.1984),[1] benefits in case of injury are extended only to employees. *Texas Employers' Ins. Ass'n v. Inge*, 146 Tex. 347, 208 S.W.2d 867, 869–70 (1948); *Shannon v. Western Indemnity Co.*, 257 S.W. 522, 523 (Tex.Comm.App.1924, jdgmt adopted). The act does not ordinarily furnish coverage to employers. With exceptions not relevant here, an "employee" is defined by the act as "every person *in the service of another* under any contract of hire, expressed or implied, oral or written...." (emphasis added) Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (1967). As applicable herein, in contrast, the term "employer" is defined by the act as a "person ... that makes contracts of hire." *Id.*

In this case, there is no doubt that appellant Leal is a subscribing employer. The parties stipulated below that he was the "sole proprietor or owner of his own business" and at the time of his injuries he, as a subscriber in his own name, had a workers' compensation policy, issued by appellee, covering two employees paid by him on an hourly basis. It was also stipulated that Leal was not included by endorsement to the policy as a sole proprietor covered under art. 8309, § 1a.

■ It is also plain, and we so hold, that as a sole proprietor and employer, absent an art. 8309, § 1a endorsement to the policy issued to him, Leal cannot prevail. Absent the endorsement, he must have satisfied, at the time of his injuries, the statuto-ry definition of an "employee." This he could not do, as a matter of law. With reference to the policy issued to *him* as subscriber, Leal could not possibly be "in the service of *another* under any contract of hire." (emphasis added) As stated in *Southern Surety Co. v. Inabnit*, 119 Tex. 67, 24 S.W.2d 375, 377 (1930): "He could not be both employer and employee, as it takes two persons to make a contract of hire." Leal could not, within the meaning of the Workers' Compensation Act, contract with himself to confer "employee" status. *See also Shannon v. Western Indemnity Co., supra* at 523; *Superior Insurance Co. v. Kling*, 160 Tex. 155, 327 S.W.2d 422, 424 (1959); *Powell v. Vigilant Ins. Co.*, 577 S.W.2d 364, 366 (Tex.Civ.App. 1979, no writ).

The issue before us is not the same, as appellant contends, as presented in *Harris v. Casualty Reciprocal Exchange*, 632 S.W.2d 714 (Tex.1982). In *Harris*, despite the absence of an art. 8309, § 1a endorsement, the Supreme Court held that a corporate officer killed while working as a substitute in an employee position was afforded coverage under the act. In doing so, the court applied the "dual-capacity" doctrine, which refers to "persons who are hired to fill *both* executive and 'employee' positions...." (632 S.W.2d 718; emphasis in original) Under this doctrine, the court observed, if such persons

> are injured while performing the latter type of activity, [they] fall squarely within the 'employee' definition in section 1 [of art. 8309] and are thereby covered by the provisions of the act without a specific endorsement. We adopt this construction because it is consistent with the general purpose of the workers' compensation statute. In short, persons who are 'employees' as defined by the act should be allowed to recover employee benefits. [*Id.*]

---

1. This section of art. 8309 provides:

(a) Notwithstanding any other provision of this law, a subscriber may cover in its insurance contract a partner, a sole proprietor, or a corporate executive officer.... The insurance con-tract shall specifically include the partner, sole proprietor, or corporate executive officer; and the elected coverage shall continue while the policy is in effect and while the named individual is endorsed thereon by a subscriber.

Unlike appellant Leal in the present case, however, the deceased in *Harris* was at the time of his injuries engaged "in the service of another," the subscribing corporation. It is the fact that he, although ordinarily a corporate officer, had been hired as a substitute employee by the subscribing corporation that afforded coverage under the act. In contrast, Leal could not, as to his own policy, be "in the service of another," for "a sole proprietorship has a legal existence only in the identity of the sole proprietor." *Ideal Lease Service v. Amoco Production Co.*, 662 S.W.2d 951, 952 (Tex. 1983). We therefore conclude that appellant may not rely upon *Harris* as controlling authority for his position.

Further, it is not consistent with the general purpose of the Workers' Compensation Act to hold that a sole proprietor may recover as an "employee" of himself. It is conventional learning that the act was designed to avoid questions of employers' liability to their employees at common law, in case of disabling injury or death, and to provide benefits to workers without the burden of proof of their employers' negligence. If so, application of the act to allow recovery to Leal would be an anomaly, for it is quite obvious that at common law, Leal could not recover against himself.

We therefore agree with the trial court that a subscribing sole proprietor cannot be his own employee under the act. Accordingly, we hold that the act does not afford coverage to a subscribing sole proprietor for his injuries, although he is performing the duties of an ordinary worker at the time, absent a specific endorsement to his policy under art. 8309, § 1a.

The point of error is overruled and the judgment of the trial court is affirmed.