**Curtis H. HOPE and Wife, Betty Hope, Appellants,**

v.

**ALLSTATE INSURANCE COMPANY and Roger Uminski, Appellees.**

No. 2–85–270–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 1, 1986.

Opinion on Motion for Rehearing Nov. 12, 1986.

Whitten, Loveless, Kelsey, Gregory, Holt & Phillips and Michael J. Whitten, Denton, for appellants.

Jearl Walker, Fort Worth, for appellees.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Curtis and Betty Hope appeal from the judgment awarding them damages of $136,000, prejudgment interest and attorney's fees, following trial by jury. Their suit was brought against their insurer, Allstate Insurance Company, and Allstate's agent, Roger Uminski. The judgment was rendered jointly and severally against both defendants. In three points of error the Hopes complain of the trial court's failure to treble their damages in accordance with article 21.21 of the Texas Insurance Code, as it existed prior to 1985 amendments which eliminated the mandatory trebling feature of the Code. Act of April 4, 1985, ch. 22, sec. 3, 1985 Tex.Gen.Laws 395. Allstate presents one cross-point of error, asserting that the trial court erred in awarding attorney's fees because they were not authorized by article 21.21, section 16 and because State Bd. of Ins., Regulation in Respect of Insurance Trade Practices, Advertising and Solicitations, Docket No. 18663 (Nov. 25, 1970), which does authorize attorney's fees, was not properly before the court.

We reverse and render judgment for the Hopes, because we find that the trial court erred in failing to treble the damages. We

find that the trial court was correct in awarding attorney's fees, because they are authorized by article 21.21, section 16(b) of the Texas Insurance Code and because order 18663 of the State Board of Insurance was properly before the court.

In point of error number two, the Hopes urge that the trial court erred in refusing to automatically treble their damages as required by article 21.21. Under the Act, as it existed prior to 1985, a plaintiff who brought suit based on another making any statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby; or based on another making a statement containing any assertion, representation or statement with respect to the business of insurance which is untrue, deceptive, or misleading, was entitled to obtain three times the amount of damages plus court costs and reasonable attorney's fees.

The Hopes constructed a shop building in 1979 for Curtis Hope's contracting business. After the building was completed, the Hopes obtained a $32,000 policy insuring the building from Allstate Insurance Company through its agent, Roger Uminski. The Hopes subsequently discussed raising coverage on the building to $52,000 and obtaining contents coverage of $60,000 on the equipment of Curtis Hope's contracting business and contents coverage of $51,000 on the equipment of Betty Hope's sharpening business. Curtis asked Uminski if it were necessary to send the check to bind the coverage. Uminski replied, "[n]o, you're covered, you will be billed in two or three weeks." At the end of the conversation Uminski again advised, "[w]e got you covered." Curtis had later discussed with Uminski raising the contents coverage for the construction company to $65,000. Curtis said that Uminski had told him he was glad that he called so he could stop the paperwork before it went out. He left the phone, came back, and said "we have got it—got it down." Curtis again testified that Uminski had said that they were covered and would be billed in two or three weeks, and that he had said nothing about

needing approval from the home office in Atlanta, Georgia.

Within ten days the Hopes suffered a total fire loss to the building and its contents. When the Hopes contacted Uminski after the fire, he repeated his statement that they were covered under the new policy, not just the original $32,000 coverage on the building.

Allstate denied coverage as to everything except the $32,000 policy on the building, based upon its position that Uminski had no authority to bind coverage on property in unincorporated areas, and that applications for such coverage were required to be submitted unbound to Allstate's regional office in Atlanta, Georgia. Allstate contended that the application had reached their office before the fire, but that it had not been acted on.

In response to special issues the jury made the following findings:

1) that on or about November 19, 1979, Roger Uminski agreed at the request of Curtis Hope to provide immediate fire coverage of $52,000 on the building in question; $65,000 on the tools, equipment, and materials of Curtis H. Hope, contractor; and $51,000 on the tools and equipment of B & H Sharpening;

2) that on November 19, 1979, Uminski was acting as an agent for Allstate Insurance Company;

3) that Uminski told Curtis Hope "we got you covered" in connection with Hope's request for additional coverage;

4) that Uminski's statement to Hope was a false, misleading, or deceptive act or practice;

5) that in dealing with either of the Hopes that Uminski did the following:

a. made an untrue statement of a material fact;

b. omitted to state a material fact necessary to make the statements made not misleading;

c. any material misstatement of law (sic);

d.  represented that services had characteristics, benefits or qualities which they did not have;

e.  represented that services were of a particular standard, quality or grade, if they were of another; and

f.  represented that an agreement conferred or involved rights, remedies, or obligations which it did not have or involve;

6) that Uminski's conduct was a producing cause of damages to the Hopes.

■  The Hopes assert that they are entitled to treble damages because of the jury's findings as to misrepresentations made by Uminski to the Hopes.  Uminski and Allstate urge that in view of the fact that the court found that the Hopes were covered because of Uminski's apparent authority to agree to coverage, that there was no misrepresentation when Uminski told the Hopes, "we got you covered."  We do not agree.  Uminski's statement to the Hopes that "we got you covered" carries within it the implicit representation that the agent has the authority to bind the coverage requested on behalf of the company.  In fact, Uminski did not have such authority.  Therefore, we cannot agree with the argument that Uminski's statement was not a misrepresentation.

Allstate further contends that in 1979, article 21.21, section 16 did not provide for treble damages and attorney's fees.  Article 21.21, section 16(b)(1) of the Insurance Code did provide in 1979 for treble damages and attorney's fees.  Allstate contends that such recovery was limited to those actions covered by rules or regulations of the Board of Insurance and that the trial court was precluded from taking judicial notice of order 18663 of the State Board of Insurance in the absence of its being introduced into evidence.

Article 21.21, sections 16(a) and 16(b)(1) read as follows in 1979:

Sec. 16.  (a) Any person who has been injured by another's engaging in any of the practices declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices.

(b) In a suit filed under this section, any plaintiff who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended....

Act of May 21, 1973, ch. 143, sec. 2(c), 1973 Tex.Gen.Laws 335, 338, *amended by* Act of April 4, 1985, ch. 22, sec. 3, 1985 Tex.Gen. Laws 71 (presently codified at TEX.INS. CODE ANN. art. 21.21, secs. 16(a), 16(b)(1) (Vernon Supp.1986)).

Section 4(1) of article 21.21 reads as follows:

Sec. 4.  The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

(1) Misrepresentations and False Advertising of Policy Contracts.  Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statements as to the dividends or share of surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce such policyholder to

lapse, forfeit, or surrender his insurance....

TEX.INS.CODE ANN. sec. 21.21, sec. 4(1) (Vernon 1981).

■ A careful reading of these sections show that the trebling of damages and the recovery of attorney's fees was not limited to practices covered by rules and regulations of the State Board of Insurance. Allstate's assertion to that effect appears to be based on its supposition that Uminski made no misrepresentation to the Hopes.

■ In any event, the record reflects, by a bill of exception approved by the trial judge, that the Hopes requested the court to take judicial notice of State Board of Insurance order number 18663, entitled "Regulation in Respect of Insurance Trade Practices, Advertising and Solicitations," and that the court took judicial notice of the order without objection. Allstate's objection to the trial court's taking of judicial notice of the order may not be raised for the first time on appeal. *See PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981).

We sustain the Hopes' point of error number two. In view of this holding, we need not consider their points of error numbers one and three.

In a single cross-point of error, Allstate asserts that the trial court erred in awarding attorney's fees since such fees are only authorized by order 18663 and the order was not admitted into evidence. We have fully discussed this contention under the Hopes' points of error. We overrule Allstate's sole cross-point of error.

■ The Hopes urge that if we reverse and render this cause, we should include prejudgment interest in the damages to be trebled. A plaintiff is entitled to prejudgment interest compounded daily on damages that have accrued by the time of judgment, whether the damages are liquidated or unliquidated in nature. *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 556 (Tex.1985).

■ In the *Cavnar* opinion, Justice Gonzalez stated that "[i]nterest as damages is

compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Id.* at 552. Prejudgment interest, if considered as damage, is damage occasioned by the lost use of the damages resulting from Uminski's violation of the Insurance Code, and is not itself damage necessarily resulting from his breach of the Code. *See Precision Homes, Inc. v. Cooper,* 671 S.W.2d 924 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455, 463 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). We note that in *Indust-Ri-Chem Lab. v. Par-Pak Co., Inc.,* 602 S.W.2d 282, 298 (Tex.Civ.App.—Dallas 1980, no writ), the Dallas Court of Civil Appeals trebled prejudgment interest, but that court was not presented with any point of error dealing with that issue. We find that prejudgment interest is not to be included in the damages to be trebled. *See Rotello,* 614 S.W.2d at 463.

We reverse and render judgment for the Hopes that they recover from Allstate Insurance Company and Roger Uminski, jointly and severally, the sum of $408,000, plus prejudgment interest at six percent (6%) per annum from November 28, 1979, to November 6, 1985, as well as attorney's fees through trial in the amount of $15,000, all at interest of ten percent (10%) per annum from November 7, 1985. The Hopes are also to recover from Allstate Insurance Company and Roger Uminski, jointly and severally, attorney's fees of $4,500 for attorney's fees due to this appeal, at interest of ten percent (10%) per annum from the date of this court's judgment, as well as $3,000 additional attorney's fees if Allstate and Uminski, or either of them, make application for a writ of error in the Supreme Court of Texas, and $3,000 additional attorney's fees if the application for writ of error is granted, in the event that the Hopes are ultimately successful in defending or increasing the court's judgment before the Texas Supreme Court. Interest on these additional

attorney's fees due to this matter being presented to the Supreme Court will be at the prevailing rate on judgments on the date of the Supreme Court's refusal or dismissal of the writ, in the event that the writ is refused or denied, or at the prevailing rate on judgments on the date of the Supreme Court judgment in the event the writ is granted.

## OPINION ON MOTION FOR REHEARING

Under point six of their motion for rehearing, Roger Uminski and Allstate Insurance Company urge that we erred in our original opinion and judgment by holding that prejudgment interest would be computed from November 28, 1979 instead of February 5, 1980, as agreed by the parties. The Hopes acknowledge such an agreement, so we hereby sustain point six of the motion for rehearing and amend our opinion and judgment to provide that prejudgment interest is to run at six percent (6%) per annum from February 5, 1980 to November 6, 1985. The clerk is directed to issue an amended judgment in accordance with this opinion. All other points of error are overruled.