James M. DANZY, Appellant,

v.

ROCKWOOD INSURANCE COMPANY, Appellee.

No. 09 87 051 CV.

Court of Appeals of Texas, Beaumont.

Dec. 10, 1987.

Rehearing Denied Jan. 4, 1988.

**614**

Robert A. Goodwin, Law Offices of John S. Walker, P.C., Center, for appellant.

Paul M. Boyd, Foley & Boyd, P.C., Tyler, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from the granting of a Motion for Summary Judgment in favor of Rockwood Insurance Company. This appeal arises from a worker's compensation suit filed by James M. Danzy, a sole proprietor. The suit sought to recover worker's compensation benefits for personal injuries sustained in an automobile accident on April 25, 1985, in Angelina County.

Appellant, Plaintiff below, alleged that, while he was in the course and scope of his employment, working for James M. Danzy D/B/A Interstate Exterminators [himself], he sustained severe and permanent, personal accidental injuries and that his said employer [himself] at all times pertinent was engaged in work in Angelina County and was qualified to, and did, carry workers' compensation insurance for its employees. Appellant further alleged that the Appellee, Rockwood Insurance Company, had bound itself to pay benefits provided by the workers' compensation law of the State of Texas "to those employees of James M. Danzy, D/B/A Interstate Exterminators...."

A workers' compensation policy was issued to James M. Danzy D/B/A Interstate Exterminators on April 15, 1985, by Rockwood Insurance Company. This compensation policy or contract was issued through the Barrow Insurance Agency, operated by George Barrow.

Rockwood Insurance Company answered, setting up an affirmative defense that James M. Danzy is not an employee of James M. Danzy D/B/A Interstate Exterminators as the term "employee" is defined under the Workers' Compensation Act. The carrier demonstrated that Danzy was, and is, the sole proprietor of the said business of James M. Danzy D/B/A Interstate Exterminators and that the workers' compensation policy issued does not have a necessary endorsement in accordance with *TEX.REV.CIV.STAT.ANN. Art. 8309, sec. 1a(a)* (Vernon Supp.1987). Therefore, the policy did not, does not, and could not, provide coverage for the Appellant, personally, being the sole proprietor.

*TEX.REV.CIV.STAT.ANN. Art. 8309, sec. 1a(a)* is as follows:

"Sec. 1a. (a) Notwithstanding any other provision of this law, a subscriber may cover in its insurance contract a partner, a sole proprietor, or a corporate executive officer, except an officer of a state educational institution. The *insurance contract shall specifically include the partner, sole proprietor*, or corporate executive officer; and *the elected coverage shall continue while the policy is in effect and while the named individual is endorsed thereon by a subscriber.*" (Emphasis added)

Usually, then, the insurance contract must, and shall, include an endorsement covering and insuring the sole proprietor in order that said proprietor may obtain worker's compensation coverage.

*TEX.REV.CIV.STAT.ANN. Article 8309, sec. 1* (Vernon 1967) defines employee as:

" 'Employee' shall mean *every person in the service of another* under any contract of hire, expressed or implied, oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce...." (Emphasis added)

Appellant was not an "employee"; he was the sole proprietor of his own business. Danzy was not "in the service of another."

In *Leal v. United States Fire Insurance Company*, 682 S.W.2d 591, 592 (Tex.App.— Austin 1984, writ ref'd n.r.e.), the court wrote:

"It is also plain, and we so hold, that as a sole proprietor and employer, absent

an art. 8309, sec. 1a endorsement to the policy issued to him, Leal cannot prevail. *Absent the endorsement, he must have satisfied, at the time of his injuries, the statutory definition of an 'employee.' This he could not do, as a matter of law....*" (Emphasis added)

In the Appellant's answers to the first set of interrogatories, directed to him, Danzy stated: "I was and am the owner of the company." Danzy also admitted that the name of this employer was Interstate Exterminators. The Appellant's own "Plaintiff's Original Petition" also clearly reaffirms this fact.

■ A verified copy of the Workers Compensation and Employers Liability Insurance Policy affirmatively shows that there were no sole proprietors, partners or officers covered. Hence, Danzy was excluded from coverage by statutory law, as a matter of law.

■ We conclude that the affidavit in support of the Appellee's "Defendant's Motion for Summary Judgment", as signed and sworn to by George Barrow, is sufficient; the same is clear, positive, direct and otherwise credible and free from contradictions and inconsistencies. The affidavit properly put the Workers' Compensation Policy before us. *Republic National Leasing Corp. v. Schindler*, 717 S.W.2d 606 (Tex.1986).

The judgment below is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. It should be noted that Rockwood moved for summary judgment on the grounds that the policy did not cover Danzy, introducing the affidavit of George Barrow, the insurance agent, and including a copy of the policy purportedly issued to James M. Danzy d/b/a Interstate Exterminators. The policy contains no endorsement specifying that Danzy himself was covered by the policy.

Danzy responded to Rockwood's motion for summary judgment (1) by challenging the genuineness of the written policy introduced by Rockwood and (2) by alleging that Barrow orally represented to Danzy that Danzy himself would be covered by the policy, binding the insurance company. Danzy filed a supporting affidavit stating that Barrow knew that Danzy himself, as well as his employees, needed workers' compensation coverage and assured Danzy both before the policy was issued and after the accident that he would be covered by the policy. The affidavit further stated that the $540 premium he paid was based on a percentage of his payroll which included his own salary.

Danzy raises two points of error asserting that the district court erred in granting summary judgment because factual issues regarding representations attributed to appellee's agent and issues concerning the genuineness and sufficiency of the policy offered by appellee remained unresolved.

A party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex.1984). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at 311.

Rockwood disputes that Danzy raised a material issue under his "oral representation" theory by citing this court to *Powell v. Vigilant Ins. Co.*, 577 S.W.2d 364 (Tex. Civ.App.—Tyler 1979, no writ). In *Powell*, a partner of the business to which the workers' compensation policy was issued claimed that the agent through whom the policy issued had made certain oral representations giving rise to a special insurance contract which covered the partner. The court, in affirming the summary judgment for the insurance company, noted that the partner's summary judgment proof in no way showed that the insurance company said or did anything to lead the partner to believe that the company intended to cover him, nor was there any proof that the partnership actually paid any premiums on the partner's salary. By comparison, Danzy,

in the case at bar, expressly stated that Barrow told him he would be covered and that the company paid premiums on its payroll including his salary.

Rockwood also argues that Danzy failed to aduce proof that Barrow had authority to bind Rockwood by any oral statements he might have made. I disagree. Danzy stated facts in his affidavits which tend to show apparent if not actual authority. *See Hope v. Allstate Ins. Co.*, 719 S.W.2d 634, 637 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

Danzy, in his affidavit, also expressly challenged the genuineness of the policy by stating that he never executed the policy introduced by Rockwood or the application for workers' compensation insurance excluding the sole proprietor from coverage.

Rockwood never controverted any of these contentions by Danzy. Danzy did not sustain its burden. I would reverse the granting of the summary judgment and remand.

Since the majority fails to do so, I respectfully dissent.