**Daniel M. CHAPA, d/b/a Sinton Jet Wash, Appellant,**

**v.**

**Sam REILLY, Appellee.**

**No. 13–86–014–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 31, 1986.

Charles Manning, Beeville, for appellant.

Tom Beasley, Beasley, Beasley & Moore, Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

### OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

This is an appeal by Daniel M. Chapa, d/b/a Sinton Jet Wash, from a take-nothing judgment rendered in his suit against Sam Reilly to recover on a construction contract. The opinion and judgment issued on September 30, 1986 are hereby withdrawn and this opinion is substituted therefor.

Chapa and Reilly entered into a contract whereby Chapa was to renovate an old house owned by Reilly. Reilly was to pay Chapa $40,000.00 for the renovation. The parties agree that Chapa has been paid a total of $31,000.00 and that he was dismissed after several months on the job. Chapa filed a mechanic's and materialman's lien on the property.

Chapa brought suit alleging that he had substantially completed the work under the contract and "extra" work agreed to by Reilly. Chapa sought a judgment for $13,099.45.

Reilly filed a counterclaim, alleged poor workmanship, and sought $15,325.00 in damages as the cost of remedying the defects in Chapa's work. Reilly also sought a cancellation of the lien.

Trial was to the court, which held that each party take nothing by his claim, and ordered that the lien be removed. Reilly has not appealed from the take-nothing judgment rendered against him.

In a construction contract case, the contractor's damages depend upon whether he has substantially performed the contract. The Commission of Appeals in *Atkinson v. Jackson Brothers*, 270 S.W. 848, 851 (Tex. Comm'n App.1925, holding approved), wrote:

> To constitute substantial compliance the contractor must have in good faith intended to comply with the contract, and shall have substantially done so in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purpose cannot, without difficulty, be accomplished by remedying them. Such performance permits only such omissions or deviation from the contract as are inadvertent and unintentional, are not due to bad faith, do not impair the structure as a whole, and are remediable without doing material damage to other parts of the building in tearing down and reconstructing.

*See also Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 164–65 (Tex.1982). There has been no substantial performance of the contract " '[w]here it is necessary, in order to make the building comply with the contract, that the structure, in whole or in material part, must be changed, or there will be damage to parts of the building, or the expense of such repair will be great.' " *Id.* at 164, quoting *Hutson v. Chambless*, 300 S.W.2d 943 (Tex.1957).

■ Chapa had the burden to prove every fact issue essential to his case. *See Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d 480 (Tex.1984). If a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable. *Id.* at 481. When a building contract has not been substantially performed, the contractor is relegated to seeking a quantum meruit recovery of the reasonable value of work performed and materials furnished. *Atkinson v. Jackson Brothers*, 270 S.W. at 851. *See also Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d at 482.

By his fourth point of error, Chapa contends that the trial court erred in failing to make additional and amended findings of fact and conclusions of law. Specifically, he argues that "the absence of findings on the central issue of substantial performance leaves it unclear why the trial court held what it did."

Both parties requested findings on substantial performance. The trial court, however, failed to make any such findings.

TEX.R.CIV.P. 299 provides that "where one or more elements [of any ground of recovery or defense] have been found by the trial court, omitted *unrequested* elements, where supported by evidence, will be supplied by presumption in support of the judgment." [Emphasis ours.] The rule does not permit a finding to be presumed when such finding was requested and refused by the trial judge. *Gunter v. Pogue*, 672 S.W.2d 840 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ In this case, an essential element of Chapa's cause of action (substantial per-

formance), as well as an essential element of Reilly's defense (lack of substantial performance), was not found by the trial court. Since such findings were requested and refused, we cannot presume that either was made.

We are aware of the line of cases exemplified by *Fraser v. Goldberg*, 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).[1] However, those cases are distinguishable from the instant case. This case is controlled by TEX.R.CIV.P. 299.

 Furthermore, the determination of whether there was substantial performance is also determinative of the proper measure of damages to apply. The trial court's findings of fact and conclusions of law leave no clue as to how the trial court determined that appellant take nothing. Although the trial court's conclusion of law that "[appellant] furnished material and labor equivalent to thirty-one thousand dollars ($31,000.00), which he has been paid by the [appellee]" is *consistent* with a finding of no substantial performance and the theory of quantum meruit, such a finding cannot be presumed.[2] Since that finding was essential to the validity of the judgment, it cannot stand without it. Chapa's fourth point of error is sustained. We have addressed the controlling issues, and therefore decline to discuss appellant's other points. TEX.R.CIV.P. 451.

Appellee argues that the case should not be reversed and remanded for a new trial, but that the appeal should be abated and the trial court ordered to make a finding on substantial performance.

The cases we have found wherein the appeal was abated have all been cases where the trial court failed to file *any* findings or conclusions. *See eg., Carr v. Hubbard*, 664 S.W.2d 151 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Although not directly controlling, they are authority for appellee's proposition.

 Since the trial court's failure to make a finding on substantial performance has prevented a proper presentation of the case to this Court, the appeal is ordered abated and the trial court is ordered to make a finding on substantial performance and then certify that finding to this Court for review. See Tex.R.App.P. 81(a).

---

1. Those cases hold that where findings of fact and conclusions of law were properly requested, but not filed, and a complete record is presented in the appellate court, the appellate court can review the record to determine whether the appellant was harmed by the trial court's failure to file findings and conclusions.

2. Appellant concedes that he "did not even file an alternative quantum meruit claim." We are therefore of the opinion that the trial court erred in making this conclusion of law because appellant did not seek recovery on such a theory.