Daniel M. CHAPA, d/b/a Sinton Jet Wash, Appellant,

v.

Sam REILLY, Appellee.

No. 13–86–014–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1987.

Rehearing Denied June 30, 1987.

---

Charles Manning, Beeville, for Chapa.

Tom Beasley, Beasley, Beasley & Moore, Beeville, for Reilly.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This case was originally submitted on June 26, 1986. On motion for rehearing, we abated the appeal and ordered the trial court to make a finding on substantial performance and certify that finding to this Court. *Chapa v. Reilly*, 733 S.W.2d 236 (Tex.App.—Corpus Christi, 1986, no writ). The trial court has complied with our order, and has found that Chapa did not substantially perform the contract. We affirm the judgment of the trial court. See our prior opinion for a recitation of the facts.

By his first point of error, Chapa challenges the legal and factual sufficiency of the evidence to support the trial court's finding that "[Chapa] furnished material and labor equivalent to thirty-one thousand dollars ($31,000.00), which he has been paid by [Reilly]."

Under this point, Chapa first argues that he substantially performed the contract. Secondly, he contends that, since he did substantially perform the contract, he is entitled to damages based upon the contract price, minus the cost to remedy defects which are remediable. Chapa's recovery under this measure of damages depends upon whether he substantially per-

formed the contract. The trial court found that he did not.

Both parties have thoroughly addressed the issue of substantial performance in their briefs. Therefore, we will review the evidence concerning substantial performance. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

In *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160 (Tex.1982), our Supreme Court wrote:

> To constitute substantial compliance the contractor must have in good faith intended to comply with the contract, and shall have substantially done so in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purpose cannot, without difficulty, be accomplished by remedying them. Such performance permits only such omissions or deviation from the contract as are inadvertent and unintentional, are not due to bad faith, do not impair the structure as a whole, and are remediable without doing material damage to other parts of the building in tearing down and reconstructing.

*Id.* at 164 (quoting *Atkinson v. Jackson Bros.*, 270 S.W. 848, 851 (Tex.Comm'n App. 1925, holding approved)). There has been no substantial performance of the contract "[w]here it is necessary, in order to make the building comply with the contract, that the structure, in whole or in material part, must be changed, or there will be damages to parts of the building, or the expense of such repair will be great." *Turner, Collie*

*& Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d at 164 (quoting *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943, 945 (1957)).

As stated in our original opinion, Chapa was hired to renovate an old house for Reilly. The house has a special type of gutter, referred to as "hidden gutters" or "boxed-in gutters." The gutters were to be replaced.

Reilly's expert, Mr. Curry, testified that Chapa improperly installed the new gutters and that they would eventually leak and rot the surrounding wood. He stated that in order to correct the problem, part of the roof would have to be removed and all new gutters fabricated in the shape of a "trough." It was his opinion that such work would cost as least $10,000.00.

Chapa was to build an addition to the house containing a new kitchen and dining area. Mr. Curry testified that the foundation is inadequate: "I don't think it's heavy enough, the piers are not close enough together and the sills are not heavy enough." He further stated that, because of these problems, the floor would eventually settle and become unlevel. Mr. Curry also stated that the foundation was not strong enough to support a second story. In his opinion, it would cost approximately $1,000.00 to repair the foundation to support a single story, and $2,500.00 to support two stories.

Mr. Chapa was also to replace the front porch. The house has two front porches, one downstairs and one upstairs. Mr. Curry testified that the porches were improperly constructed because they do not have the proper amount of slope to allow adequate run-off from rainfall. Such a problem would ultimately result in rotting of the wood. Mr. Curry stated that the problem with the porches could only be remedied by tearing down the existing ones and correctly constructing new front porches. He estimated the cost of this work at between $4,500.00 and $6,000.00.

Mr. Curry also testified that the sheetrock inside the house has been damaged due to water leakage from the gutters. He estimated that it would cost approximately $350.00 to repair each of at least three damaged areas.

This evidence is sufficient to uphold the trial court's finding that Chapa did not substantially perform the contract.

In his brief, Chapa states:

This is not a *quantum meruit* case. Appellant did not even file an alternative *quantum meruit* claim, because he alleged he performed the work agreed upon substantially and in a good and workmanlike manner.... A *quantum meruit* cause of action arises only when there is no contract or the contract is not substantially performed.... Appellant alleged that the extras were agreed upon and so no *quantum meruit* action was necessary regarding them.

In order to recover the contract price minus the cost of remedying defects, Chapa had the burden to prove that he substantially performed the contract. The trial court found that he did not, and we have upheld that finding. Not having alleged an alternative *quantum meruit* claim, Chapa was not entitled to recover damages under any other theory. Chapa's first point is overruled.

Having addressed the controlling issues, we decline to review Chapa's second and third points of error. Tex.R.App.P. 90. The judgment of the trial court is AFFIRMED.