NO. 12-00-00291-CR




IN THE COURT OF APPEALS

 



TWELFTH COURT OF APPEALS DISTRICT




TYLER, TEXAS


LEE ALBERT COLLINS,

§

 APPEAL FROM THE 349TH

APPELLANT



V.

§

 JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEE

§

 HOUSTON COUNTY, TEXAS

 

PER CURIAM


 Appellant Lee Albert Collins ("Appellant") appeals his conviction by a jury on two counts of delivery of a controlled
substance. In two issues, Appellant challenges the legal sufficiency of the evidence. We affirm.



Background


 Appellant was indicted for two counts of delivery of a controlled substance by constructive transfer to Dana Vanya
("Vanya"), an undercover agent/investigator. (1) The first count of the indictment alleged that on or about June 23, 1999,
Appellant delivered less than one gram of cocaine. The second count alleged that on or about July 14, 1999, Appellant
delivered one gram or more but less than four grams of cocaine. The jury found Appellant guilty and sentenced him to
confinement for two years on the first count and twenty years on the second count. (2)



Legal Insufficiency


 In his first issue, Appellant contends his conviction on the first count of the indictment cannot be sustained because the
evidence is legally insufficient to show that he engaged in a constructive delivery. (3) In his second issue, he contends that
his conviction on the second count cannot be sustained because the evidence is legally insufficient to establish that the
amount of cocaine delivered was one gram or more but less than four grams. 

 In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 S.W.2d 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lane v. State, 933 S.W.2d 504,
507 (Tex. Crim. App. 1996). 

Constructive Delivery (June 23, 1999)

 To prove constructive delivery, the State must show that (1) prior to the alleged delivery, the transferor had either direct or
indirect control of the substance transferred, (2) the transferor knew of the transferee's existence, and (3) the transferor
directed some other person or means to deliver the substance to the transferee. Daniels v. State, 754 S.W.2d 214, 221-22
(Tex. Crim. App. 1988). The transferor need not know the identity of or be acquainted with the ultimate recipient of the
substance transferred, but must have contemplated that his initial transfer would not be the final transaction in the chain of
distribution. Id. at 221. 

 Patricia Diane Hopkins ("Hopkins"), a confidential informant, and Vanya were both present during the transaction in
question. Hopkins testified that she was working with Vanya on June 23, 1999 and encountered Sammie Duncan
("Duncan") at a car wash. Hopkins asked Duncan if he could get them some crack, and he indicated that he could. Duncan
then made a phone call, and Hopkins and Vanda drove to the back of the Maxwell Apartments. When Duncan arrived, he
told them he had gotten a guy named Lee. Hopkins then walked to the back of the truck, and Lee handed the drugs to
Duncan. Duncan handed the drugs to Hopkins, and she handed Duncan $100 cash. She did not see what Duncan did with
the money, but assumed he gave it to Lee. At trial, she identified Appellant as the person named Lee who participated in
the transaction.

 Vanya testified that on June 23, 1999, she and Hopkins drove to the High Top Club, where Duncan stopped them and
asked them what they needed. They told him they were looking for a particular person "to buy a hundred from." All three
then went to the car wash, and Duncan made a phone call. After he completed the call, he instructed them to drive behind
the Maxwell Apartments and wait. 

 Hopkins and Vanya parked behind the apartments, and Duncan stood outside their truck until two males walked up behind
the truck and stopped. Duncan went to the back of the truck, and Vanya could see some "hand transactions." Duncan then
came back to the front of the truck and handed Hopkins a slab of off-white rock-like substance that appeared to be crack
cocaine. Vanya gave Hopkins $100 cash, which Hopkins gave to Duncan, and Duncan handed the money to the two males. 
Hopkins then backed up, turned around, and drove off. As she and Hopkins were leaving, Vanya observed all three males. 
At trial, she identified Appellant as the man with whom Duncan made "the exchange."

 After reviewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found
beyond a reasonable doubt that Appellant (1) had control of the cocaine prior to the delivery, (2) knew that his initial
transfer to Duncan would not be the final transaction in the chain of distribution, and (3) directed Duncan to deliver the
cocaine to Hopkins who in turn delivered it to Vanya. Appellant's first issue is overruled.

Proof of Amount Delivered (July 14, 1999)

 Appellant contends that the State failed to prove the cocaine weighed more than one gram but less than four because its
chemist testified about the total weight of the compound and not the weight of the cocaine alone.

 Shanna Hampton ("Hampton"), a chemist at the Department of Public Safety Office in Tyler, described the tests normally
performed at the DPS lab to ascertain whether a particular substance is present in a compound. She characterized the
process as a "constant narrowing" until the one true substance is found. Hampton testified that she personally conducted
the analysis on the drugs purchased on July 14, 1999 and determined that "the results were 1.28 grams containing cocaine
present as cocaine based." When asked whether she narrowed the substance to the point that it did contain cocaine, she
answered in the affirmative and stated that the weight of "that substance" was 1.28 grams.

 In our review of the record, we note that Hampton's conclusion was not called into question by the defense through
cross-examination, defense testimony, objection, or otherwise. As a result, we hold, after viewing the evidence in the light
most favorable to the verdict, that a rational trier of fact could have found that the weight of the cocaine purchased on July
14, 1999 was more than one gram but less than four. Short v. State, 874 S.W.2d 666, 669 (Tex. Crim. App.
1994)(evidence legally sufficient to prove aggregate weight alleged where no cross-examination by defense or expert
testimony concerning analysis of adulterants or dilutants). Appellant's second issue is overruled.



Conclusion


 After reviewing the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to
sustain Appellant's convictions on both counts of the indictment. The judgment of the trial court is affirmed.







Opinion delivered November 28, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)


1. Vanya was employed by the Deep East Texas Task Force in Nacogdoches.

2. The jury also assessed a $10,000 fine for each count.

3. A person who knowingly or intentionally delivers a controlled substance commits an offense that is prohibited by
section 481.112(a) of the Texas Health and Safety Code. Delivery may occur by actual or constructive transfer. Tex.
Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2001).